**John E. YOUNG, Appellant,**

v.

**Lou V. BREWER, Warden, Iowa State Penitentiary, Appellee.**

**No. 54711.**

Supreme Court of Iowa.

Sept. 27, 1971.

George E. Wright, and Napier, Napier & Wright, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., Ronald Kuntz, Asst. Polk County Atty., for appellee.

MASON, Justice.

John E. Young filed petition in the Lee district court for writ of habeas corpus alleging he was illegally restrained of his liberty by respondent, warden of the state penitentiary. He appeals from dismissal of the petition. Young had been indicted July 9, 1969, as the result of an armed robbery allegedly committed by him and another in a Des Moines tavern the night of June 19. He had been sentenced by the Polk district court September 8 to the state penitentiary for a term of 25 years following his plea of guilty to the crime of robbery with aggravation contrary to sections 711.1 and 711.2, The Code.

Shortly after the robbery petitioner was injured in a collision between a car in which he was a passenger and an Ankeny police car. Young was taken to a Des Moines hospital where he was identified by the bartender and two patrons of the tavern. His arrest followed.

The day the indictment was returned Young was arraigned and entered a plea of not guilty. At the September 8 hearing he appeared with court-appointed counsel, advised the court he desired to change his plea of not guilty and personally entered a plea of guilty to robbery with aggravation. The court made a careful and thorough examination of the evidence and of petitioner himself before making the constitutionally required determination that Young's guilty plea was truly voluntary. It then imposed the sentence of imprisonment which Young claims is illegal. The record of this proceeding is before us.

In the petition for writ of habeas corpus filed June 29, 1970, Young alleged his detention was illegal since, (1) his plea of guilty was not an intelligent one as he was unable to remember the events which occurred the night in question due to a previous head injury, (2) his guilty plea was involuntary in view of his mental and physical condition at the time, (3) he was threatened with the filing of other charges against him if he did not plead guilty to the crime in question, (4) although arraigned July 9 on the robbery charge in question, counsel was not appointed for him until July 22, 1969, and (5) witnesses

to the alleged crime were permitted to view him in the emergency room at the Broadlawns Hospital shortly after the accident.

Following an evidentiary hearing September 1, 1970, in which petitioner was represented by other court-appointed counsel, the writ was denied.

Petitioner assigns five errors relied on for reversal. He asserts substantially the allegations of his petition for the writ.

These assignments are argued in two divisions.

I. In the first division petitioner argues his first and second assignments. He insists he was unable to enter an intelligent plea of guilty because of his inability to recall any incidents which constitute the crime alleged to have been committed by him on June 19 because of a head injury sustained in August 1963 which resulted in brain damage and because of his heavy drinking June 19 along with the accident the early morning of June 20 for which he was still receiving medication. Petitioner further maintains there was no factual basis to support his guilty plea and because of his inability to recall the incidents of the robbery the element of specific intent was not present.

In other words, he insists an unintelligent plea of guilty should not be accepted. This presents the question whether Young's guilty plea was unintelligent.

In State v. Sisco, 169 N.W.2d 542, 545, (Iowa 1969), we said a sentencing judge, before accepting a guilty plea, must first determine it is voluntarily entered, with an understanding of the charge, knowledge of the criminal consequences and there exists a factual basis supporting it.

In the case before us the Polk district court followed the guidelines set forth in State v. Sisco, 169 N.W.2d at 547–550, in making its determination whether defendant's guilty plea was to be accepted as voluntarily and intelligently entered.

The record discloses that before entering his plea of guilty petitioner and his attorney had discussed facts involving the case, made various motions, used discovery techniques to find out all matters bearing on the case and possible defenses and petitioner's right to a jury trial, to call witnesses and cross-examine the State's witnesses and considered advisability of entering a guilty plea as opposed to trial by jury.

The question of Young's inability to recall the events of June 19 and June 20 was gone into detail by the Polk district court at the time it accepted Young's guilty plea.

While being interrogated by the court Young was asked to tell what he recalled of the events incident to the charge. He replied he had no recollection of the incident itself. He stated he could not account for his inability to recall the events other than it was due to the alcohol he had consumed June 19 and to brain damage resulting from a skull fracture received in a motorcycle accident in 1963. A steel plate had been inserted to close a defect in Young's skull following surgery. The deposition of Dr. Byron W. Rovine of Davenport, the treating specialist in neurological surgery, bearing on the surgery performed on Young, the nature and extent of the injury and possible consequence was introduced at the evidentiary hearing on Young's petition for the writ. This deposition taken July 27, 1970, is a part of the record before us.

The Polk district court inquired of Young the amount of alcohol he had consumed June 19 and whether he had experienced blackouts from use of alcohol before the incident involved. The court then carefully explained to Young he had a right to plead as a defense to the robbery charge that he was incapacitated at the time to the extent he was intoxicated and incapable of forming an intent to commit a robbery, one of the elements the State had to prove beyond a reasonable doubt. The court further explained to Young he had a right to testify and state what he recalled

and have the jury consider his testimony; he could produce medical testimony as to his past medical history with reference to the motorcycle injury and have the doctors testify what they would in his defense and decline to testify himself.

Young was further advised the court would instruct the jury in the event Young elected to go to trial that intent was one of the necessary elements the State was required to prove beyond a reasonable doubt and if the jury found Young was incapable of forming an intent to rob because of his brain damage and use of alcohol they would have to find one of the elements of the crime was not established.

Young was also advised he had a right to bring these matters as a defense, a right to introduce evidence in support thereof and his defense in this instance would be that he failed to have the intent necessary to commit the crime.

Young told the court he had discussed with his counsel the possible defense of temporary insanity and was aware proof of this defense would be by evidence of the condition he was in by virtue of the motorcycle accident and his consumption of alcohol.

This portion of the examination covers over nine pages of the transcript. Obviously, it is much more detailed on this point than we have set out.

Young personally stated he was aware of this but waived the defense and entered a plea of guilty.

As we view the proceeding detailed, the court's interrogation of Young relative to his inability to recall incidents of the robbery was for the primary purpose of ascertaining whether Young had an understanding of the charge made against him including essential elements of the crime and possible defenses thereto.

The issue raised by petitioner's contention under these assignments is his capacity to enter a voluntary, intelligent guilty plea. It does not involve the question of lack of criminal responsibility because of incapacity to form the necessary intent.

Where the accused is aware that intent is an essential element of the crime of robbery with aggravation which the State must establish beyond a reasonable doubt and is aware and appreciates his right to assert as a defense to the charge his incapacity to form the necessary intent by reason of mental and physical condition at the time of the alleged offense, one test for determining the accused's capacity to intelligently enter a guilty plea is satisfied.

In addition, there is substantial support in the record for a determination Young had the capacity to communicate with his attorney as to the nature of the crime charged and possible defenses that might be interposed. It cannot be validly argued Young's guilty plea was induced through inadvertence or ignorance of his constitutional rights. He had been advised by the court of the maximum possible penalty for conviction of the crime charged. He had a full understanding that by pleading guilty he acknowledged guilt which eliminated all questions as to admissibility of evidence; and was simultaneously waiving several constitutional rights, including his right to be confronted by witnesses who would testify against him and dispensed with presentation of those witnesses, his privilege against compulsory self-incrimination, the right to a jury trial and the right to confront one's accusers. State v. Weckman, 180 N.W.2d 434, 436, (Iowa 1970) and State v. Jackson, 173 N.W.2d 567, 570, (Iowa 1970) and citations in these opinions.

There is substantial support in the record developed by the trial court at the plea stage for a determination Young had knowledge of the criminal consequences of his guilty plea and an understanding of the charges. State v. Sefcheck, 261 Iowa 1159, 1170, 157 N.W.2d 128, 134, and citations and Ely v. Haugh, 172 N.W.2d 144, 147, (Iowa 1969).

In the course of its interrogation of Young the Polk court examined the minutes of evidence attached to the indictment and referred to the testimony of witnesses before the grand jury. Young told the court events related in the testimony were vaguely familiar. These minutes contained testimony given by the bartender and two patrons that a robbery had been committed at the tavern in question by two men. These witnesses identified Young as one of the armed robbers. There was the additional testimony of a Polk county deputy sheriff of admissions made by Young after being advised of his constitutional rights that he committed the robbery. A factual basis existed supporting Young's plea. State v. Sisco, 169 N.W.2d at 545–548.

Petitioner's contention he was threatened with the filing of other charges against him does not present a new problem on the issue of voluntariness of a guilty plea. It has no merit. State v. Lampson, 260 Iowa 806, 816–817, 149 N.W.2d 116, 120.

This pronouncement in North Carolina v. Alford, 400 U.S. 25, 32, 91 S.Ct. 160, 164–167, 27 L.Ed.2d 162, 168, is damaging to plaintiff's position:

" * * * Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment.

" * * *.

" * * * An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

A contention similar to that urged by petitioner here that his plea was not intelligent because of his inability to recall events of the crime was rejected in Reagon v. State, Ind., 251 N.E.2d 829, 831, cert. den. 397 U.S. 1042, 90 S.Ct. 1364, 25 L.Ed. 2d 653. The contention is untenable.

■ The trial court was correct in determining Young's guilty plea was intelligently and voluntarily entered. It was the product of a free and rational choice.

■ The test for determining validity of guilty pleas remains whether the plea represents a voluntary and intelligent choice among the alternative courses of actions open to an indicted accused. North Carolina v. Alford, supra.

The record made by the Polk district court at the plea stage has been most helpful to this court in considering Young's attack on the sentence imposed.

■ Young's plea having been voluntarily and knowingly entered, the State was relieved of its burden to establish Young's specific intent to commit the crime.

The assignments considered in this division are without merit.

II. In light of our determination in division I that petitioner's plea was voluntarily and intelligently entered his contentions urged in the three assignment of errors argued in the second division of his brief and argument do not present a question for review.

Any claim his constitutional rights were violated in the respects urged was waived by his guilty plea. Young's plea being intelligently and voluntarily entered constituted a conviction authorizing imposition of sentence. His confinement as directed therein is legal. The Lee district court was correct in dismissing the petition for the writ.

The case is therefore affirmed.

All Justices concur.