**STATE of Iowa, Appellee,**

v.

**Robert QUINN, Appellant.**

**No. 54982.**

Supreme Court of Iowa.

May 11, 1972.

——◆——

Michael J. Coyle, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and John Goen, County Atty., for appellee.

PER CURIAM:

Defendant appeals from sentence following guilty plea to charge of breaking and entering with intent to commit a public offense, to wit: larceny contrary to Code section 708.8. We affirm.

Defendant contends the trial court improperly accepted his plea of guilty. He was at all times represented by counsel.

From the record of proceedings before the lower court we conclude the court's interrogation of defendant meets the requirements set down in Young v. Brewer, Iowa, 190 N.W.2d 434 and State v. Sisco, Iowa, 169 N.W.2d 542. It clearly appears defendant knowingly, understandingly and voluntarily changed his plea to guilty.

The lower court before accepting the plea determined there was a factual basis for the charge. The record of interrogation plus the minutes of evidence attached to the county attorney's information support the court's finding. Young v. Brewer, supra, 190 N.W.2d at page 438; State v. Abodeely, Iowa, 179 N.W.2d 347, 353.

When asked by the court what he had done to produce the charge defendant answered, "I just broke into the place I guess." The effect of this equivocation is controlled by North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171, as quoted in Young v. Brewer, supra, 190 N.W.2d at page 438, where it is said:

" * * * An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

Affirmed.