Paul H. MICHELS, Appellant,

v.

Lou V. BREWER, Warden, and State of Iowa, Appellees.

No. 56197.

Supreme Court of Iowa.

Oct. 17, 1973.

Harold B. Heslinga, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Hugh V. Faulkner, County Atty., for appellees.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

After having served approximately one year of his sentence imposed for violation of section 713.3, The Code, plaintiff thought better of the guilty plea upon which that sentence was based and filed a petition seeking to set it aside under chapter 663A, The Code, the statute which affords postconviction relief. Following an evidentiary hearing, the trial court ruled against plaintiff and he appeals. We affirm the trial court.

■ In setting out a brief résumé of the events important to a consideration of this appeal, we mention once more that our review is not de novo and that we are bound by the trial court's findings for which there is substantial evidentiary support. Parsons v. Brewer, 202 N.W.2d 49, 52 (Iowa 1972); Benton v. State, 199 N.W.2d 56, 57 (Iowa 1972); State v. Mulqueen, 188 N.W.2d 360, 362 (Iowa 1971); Rule 344(f), (1), Rules of Civil Procedure.

By county attorney's information, plaintiff was accused of false uttering of a check in the amount of $600.00 on the Mahaska State Bank of Oskaloosa, an institution in which he had no account. He was arraigned on April 13, 1971, when he appeared with counsel (other than the lawyer who now represents him) and entered a plea of not guilty. At that time the trial court on its own motion referred plaintiff to the Iowa Security Medical Facility at Oakdale for a "complete psychiatric examination and evaluation and to determine the presence of any mental illness or impairment and [to establish] whether or not he is able to assist counsel in the presentation of his defense."

On June 2, 1971, Dr. Paul L. Loeffelholz, the clinical director of the Department of Social Services of the Iowa Security Medical Facility at Oakdale, reported in writing that a complete psychiatric examination and evaluation of plaintiff had been made. The report included this statement:

"A complete psychiatric examination and evaluation was requested in order to determine the presence of any mental illness or impairment and whether or not this individual is able to assist his counsel in the presentation of his defense. It was stated that Mr. Michels was vague and apparently amnesic in relation to his alleged illegal activity, amounting to the false uttering of a check.

"This vagueness persisted, however it seemed apparent that Mr. Michels, in fact, was not amnesic despite his inability to recall the events surrounding his alleged illegal behavior. On May 4, 1971, he did in fact, indicate that he remembered the details of his behavior which led to the current charges. At that time, it could be clearly stated that Mr. Michels no longer had any defects in memory. He was considered competent and able to participate in his judicial proceedings."

On June 9, 1971, plaintiff again appeared in court and asked to withdraw his not guilty plea so that he could enter a plea of guilty. Permission to do so was refused for undisclosed reasons. Within a day or two thereafter, plaintiff wrote the presiding judge as follows:

"On Wednesday, June 9, 1971, I appeared before District Judge Carson, and

I voluntarily withdrew my plea of not guilty and asked that my plea of guilty be accepted at this time.

"I am shocked that my plea of guilty was not acceptable to the honorable Court. It is my desire to cooperate with the Court and all the authorities who are involved with my case.

"I am writing you at this time with the sincere hope of enlisting your assistance in having me brought back to Court at the earliest possible moment so [that] my plea of guilty can be entered and my case disposed of. With kindest regards, Very sincerely yours, Paul Michels."

Then on June 24, 1971, plaintiff, again accompanied by counsel, appeared before the court, asked leave to withdraw his not guilty plea, and expressed his desire to plead guilty. After extensive questioning, the sufficiency of which is not challenged under the standards of State v. Sisco, 169 N.W.2d 542 (Iowa 1969) except in one respect which is discussed later, the plaintiff was permitted to withdraw his previous plea. He then entered a plea of guilty, waived time for sentencing and was ordered to serve a term of not more than seven years in the penitentiary as provided in section 713.1, The Code. All this was done over the objections of his attorney, who stated he was "deeply troubled by this man's mental attitude."

That was the end of the case until plaintiff filed his petition for postconviction relief on May 24, 1972. After an evidentiary hearing, the trial court (not the same judge who sentenced plaintiff) denied the petition, setting out detailed findings upon which he based his decision.

Plaintiff now appeals to us on the following assignments of error:

(1) The trial court erred in accepting his guilty plea because he did not have the capacity to form the necessary intent to commit the crime charged.

(2) The court erred in accepting his guilty plea because he did not have the capacity to effectively communicate with his attorney.

(3) The trial court erred in failing to inform plaintiff that fraudulent intent is a necessary element of the crime charged and that lack of intent could be asserted as a defense.

I. We discuss assignments 1 and 2 together. They both assert lack of "capacity" going to plaintiff's ability to enter an intelligent and voluntary plea of guilty.

This claimed lack of "capacity" is said to result from loss of memory concerning the events in question. He attributes this to a beating about his face and head suffered several weeks prior to the date of the offense.

Plaintiff argues his inability to form the necessary intent or to assist his counsel precluded him from entering a valid plea to the offense charged. A similar claim was rejected in Reagon v. State of Indiana, 253 Ind. 143, 251 N.E.2d 829, 830 (1969).

We decide this matter on the facts found by the trial court.

█ The weakness of plaintiff's position is that it depends on the existence of facts which the postconviction court found did not exist. Except for plaintiff's insistance that he has no recollection of any of the events—including the writing of the check, his appearances in court, or his stay at the Iowa Security Medical Facility for purposes of psychiatric evaluation—there is nothing to sustain his claim of amnesia. On the other hand, the trial court had before it the report of Dr. Loeffelholz which clearly indicated plaintiff remembered the events in question and which stated unequivocally plaintiff had no memory lapse.

Under these circumstances we hold there is substantial support for the finding of the trial court on postconviction hearing.

There is no merit in plaintiff's first two assignments.

II. Plaintiff's remaining complaint alleges the trial court's failure to spell out fraudulent intent as an essential element of the crime made the plea invalid. Although plaintiff does not specifically rely on State v. Sisco, 169 N.W.2d 542 (Iowa 1969), implicit in his argument is the claim the trial court failed to follow standards there established.

The Sisco case laid down guidelines governing the presentation and acceptance of pleas in criminal cases. In doing so we said no "ritualistic or rigid formula" need be adhered to. The important holdings of Sisco are found in the following quotations from pages 548 and 549:

"In other words, a sentencing court may not abrogate or delegate to anyone, including attorney for accused, the duty to determine defendant's knowledge of the charge, appreciation of legal consequences of a guilty plea, whether it is voluntarily entered, or existence of facts supporting it."

\*     \*     \*     \*     \*     \*

"We are persuaded and now hold, when a guilty plea is entered by defendant, the court must address the accused personally and by that procedure heretofore prescribed determine whether he understands the charge made, is aware of the penal consequences of the plea, and that it is entered voluntarily. Nothing less will suffice."

Plaintiff does not challenge the procedure followed by the trial court except the failure to explain to him the necessity for proving that the check was uttered with fraudulent intent. In this respect, we point out that the trial court carefully and patiently explained the charge filed against plaintiff, the circumstances under which it was alleged to have occurred, the penalty attached to a conviction, the necessity that the plea be voluntary, the effect of a plea as to waiver of constitutional rights, and the absence of any promises or threats which might have acted as an inducement for the plea.

It is quite true the trial court did not *specifically* explain fraudulent intent to plaintiff, but we have held this to be unnecessary if under all the circumstances it is apparent the accused party understands the nature of the charge. State v. Hackett, 201 N.W.2d 487, 490 (Iowa 1972). There we said this:

"As required by the holdings in our cases \* \* \* the trial court by interrogation of defendant determined he understood the charge to which he was entering a plea of guilty. We conclude discussion of each essential element of the crime charged was not necessary for the court to make that determination."

We have not overlooked the opinion in Young v. Brewer, 190 N.W.2d 434, 437 (Iowa 1971), where we commended the trial court for having explained the meaning of intent as an essential element of the crime of robbery with aggravation. Certainly, the course there followed would have prevented the objection with which we are now confronted.

However, the extent to which the trial court must pursue his questioning of a defendant to ascertain whether he understands the nature of the charge must necessarily vary with the circumstances in each case. A procedure followed in one is not the only method which can be used in others.

In the present case, the trial court extensively interrogated plaintiff on at least two occasions. When necessary he explained in simple terms legal terminology which plaintiff did not understand. Plaintiff asserted several times he fully understood the charge. He had also earlier expressed a strong desire to plead guilty in the letter already referred to, a letter he now denies having written.

We believe there is substantial support for the finding on postconviction hearing that the sentencing court was justified in accepting plaintiff's plea as voluntarily and intelligently made.

We therefore affirm the judgment of the trial court.

Affirmed.