STATE of Iowa, Appellee,

v.

Raymond Duane HANSEN, Appellant.

No. 55846.

Supreme Court of Iowa.

Aug. 28, 1974.

---

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Ray A. Fenton, Co. Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

A Polk County grand jury indicted this defendant for attempting to break and enter, a violation of § 708.10, The Code. Following his plea of guilty he was sentenced to serve an indeterminate sentence not exceeding five years in the state men's reformatory. Upon his appeal, we affirm.

Defendant's plea of not guilty stood for several months. On September 19, 1972 a plea hearing was held at which time he withdrew his not guilty plea and pled guilty to the offense charged.

Before accepting the guilty plea, the court intensively interrogated the defendant. Referring to the night in question, defendant said he had entered the freight warehouse grounds "and was walking around the building checking it out to see if I could get into it." He said he intended to break in and take something, but later said, "If I could get back in there I intended to put some things in there." Defendant's attorney volunteered the initial defense strategy was to show defendant intended to break and enter the building to return some chemical mace and gun powder consigned to the Des Moines police department and taken from the building the night before. He stated the later decision to plead guilty was motivated in part by a discovery the police had possession of a "want list" defendant carried at the time

of his arrest at the freight warehouse, this being "a number of names, a number of items, and next to those names and items were the fair prices which certain individuals were willing to pay for these particular items."

Defendant was asked whether "any officer or agent of any branch of the government has made any promise or suggestion of any kind to you or within your knowledge to anyone else that you would receive a lighter sentence or probation or any other form of leniency to induce you to plead guilty?", which he denied. He similarly denied any threats had been made to induce him to enter the plea.

Trial court read defendant the statute (§ 708.10) he was charged with violating, including the language:

"If any person, with intent to commit any public offense, shall attempt * * * at any time to break and enter any * * * warehouse * * * or any building in which any goods, merchandise, or valuable things are kept for use, sale, or deposit, he shall be imprisoned in the penitentiary not more than five years, or fined not exceeding three hundred dollars and imprisoned in the county jail not more than one year."

Trial court had before it the indictment with the minutes of the witnesses' testimony attached. These reported the testimony of a detective who had seen defendant climb a fence on the rear lot of the warehouse property, step onto a small ledge, and attempt to open approximately three warehouse overhead doors. When arrested defendant admitted attempting to open the doors. Within five feet from defendant officers found a large heavy hammer, a screwdriver, a knife, some jersey gloves, a flashlight; and a T-shirt which defendant then identified as his.

Defendant asserts trial court should not have accepted his plea of guilty when the record neither reflected he understood the legal nature of the charge nor disclosed a factual basis for each element of the offense. He further contends trial court

should have vacated the plea, when there was evidence it "might have been induced by promises or coercion."

I. *Defendant's understanding of the nature of the charge.*

Defendant's complaints, of course, are based on the *Sisco* guidelines for making a record to demonstrate the constitutional validity of a judgment based on a guilty plea. State v. Sisco, 169 N.W.2d 542 (Iowa 1969).

The accused acknowledged, in response to a court inquiry, that he had received and read a copy of the indictment and understood the charge. The statute allegedly violated was read to him from the bench. His several responses to questions indicated a familiarity with such words as "intent" and "breaking and entering." Defendant's understanding of "public offense" was sophisticated enough to grasp the distinction between an attempt to return items taken from the warehouse the night before, and an effort to remove items at the time he invaded the premises.

■ We have consistently held we will not reverse a judgment based on a guilty plea where trial court did not specifically explain each element of the crime, if under all the circumstances it is apparent the accused party understood the nature of the charge. Michels v. Brewer, 211 N.W.2d 293, 296 (Iowa 1973); State v. Sargent, 210 N.W.2d 656, 660 (Iowa 1973); State v. Hackett, 201 N.W.2d 487, 488 (Iowa 1972).

■ We hold all of the circumstances disclosed in this record show defendant had the requisite understanding.

II. *Disclosure of a factual basis for each element of the offense.*

American Bar Association Minimum Standard on Pleas of Guilty 1.6, adopted by this court in *Sisco,* supra, 169 N.W.2d at 548, requires a court before entering judgment to make such inquiry as may satisfy it that there is a factual basis for a guilty plea. Subsequent opinions have followed *Sisco* in this regard. Ryan v. Iowa State Penitentiary, Ft. Madison, 218 N.W. 2d 616, 618 (Iowa 1974); State v. Wisher, 217 N.W.2d 618, 619 (Iowa 1974); State v. Quinn, 197 N.W.2d 624, 625 (Iowa 1972).

■ Ordinarily, and preferably, this factual basis should be developed through defendant's interrogation by the court. But contrary to this defendant's apparent assumption, this jurisdiction has no requirement that trial court must in all cases wring from defendant a detailed confession satisfying each element of the offense charged. *Ryan,* supra 218 N.W.2d at 619; State v. Quinn, supra 197 N.W.2d at 625; Young v. Brewer, 190 N.W.2d 434, 438 (Iowa 1971).

■ An express admission of guilt is not a constitutional requisite to the imposition of criminal penalty. An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed. 2d 162, 171 (1970) (" * * * Alford denied that he had committed the murder but reaffirmed his desire to plead guilty * * * "); Young v. Brewer, supra 190 N.W.2d at 436 ("While being interrogated by the court Young was asked to tell what he recalled of the events incident to the charge. He replied he had no recollection of the incident itself.")

While in this instance defendant's responses to the court were inconsistent as to his intent and arguably a denial of an overt act of breaking and entering, under our prior holdings the court was permitted to determine a factual basis by considering sources other than defendant's statements, including the testimony of witnesses attached to the indictment. Ryan, supra 218 N.W.2d at 619; State v. Quinn, supra 197 N.W.2d at 625; Young v. Brewer, supra 190 N.W.2d at 438.

■ The ultimate test for determining validity of guilty pleas is whether the plea

represents a voluntary and intelligent choice among the alternative courses of action open to an indicted accused. North Carolina v. Alford, supra 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d at 171; Young v. Brewer, supra 190 N.W.2d at 438.

■ Even if we assume defendant's answers to trial court's interrogatories were inconsistent with other factual sources available to the court, this record projects an overall picture of a defendant making an intelligent and voluntary choice to plead guilty. It also reflects that plea had a factual basis.

■ III. *Inducement of guilty plea by promises or coercion.*

We referred above to defendant's plea-hearing responses that his guilty plea was not induced by promises or threats. Nonetheless, he now asserts the plea "might have been induced by promises or coercion."

Defendant was sentenced October 10, 1972. Almost five months later, his then attorney, appearing in district court to ask permission to withdraw from an appeal he deemed frivolous, stated:

"I had also represented Mr. Hansen on a forgery charge, malicious injury to a motor vehicle * * * the County Attorney's office did have in its possession certain evidence which I felt made the trial of this particular case substantially impossible * * * and also, since the County Attorney had indicated he would dismiss the forgery charge, I did recommend that Mr. Hansen enter a guilty plea * * *."

Defendant's brief proceeds on the theory the above statement was made at the sentencing hearing (a clearly erroneous premise) and therefore the court should have then *sua sponte* vacated his guilty plea pending further inquiry as to the plea's voluntariness.

Of course, we have recognized the universal practice of using plea bargaining as a device for disposing of criminal trials. State v. Lindsey, 171 N.W.2d 859, 864 (Iowa 1969); State v. Whitehead, 163 N. W.2d 899, 902 (Iowa 1969).

It is significant in this case that neither the defendant nor his present counsel claim the county attorney's indication another charge would be dismissed did in fact induce the plea of guilty, or that it would not have been entered except for reliance on that indication. See State v. Lindsey, supra 171 N.W.2d at 865.

Neither does defendant raise the issue of trial court's failure to determine by inquiry of the county attorney and defense counsel whether the tendered plea was a result of prior plea discussions and a plea agreement. See American Bar Association Minimum Standard on Pleas of Guilty 1.5, adopted by this court in *Sisco,* supra 169 N.W.2d at 547–548. In two decisions we have declined to reverse on that account where there was no evidence or indication defendant's plea was the "result of improper plea bargaining." State v. Reppert, 215 N.W.2d 302, 308 (Iowa 1974); State v. Zacek, 190 N.W.2d 415 (Iowa 1971).

We similarly doubt the brief reference by defendant's former counsel furnishes evidence the plea was the result of an improper plea bargain. Standing alone, the county attorney's "indication" would scarcely support a conclusion of force, coercion, undue influence or threat. See State v. Dee, 218 N.W.2d 561, 564 (Iowa 1974); State v. Bastedo, 253 Iowa 103, 111, 111 N.W.2d 255, 259 (1961). Upon this record, we hold defendant's guilty plea was voluntarily and intelligently made.

Parenthetically, we note this issue probably would have been avoided had trial court followed *Sisco* in the above particular. Unquestionably our decisions following the constitutional interpretations of the United States Supreme Court have imposed anomalous roles on judicial officers. Trial judges are required to assume the unaccustomed role of "making the record," while competent defense attorneys who have or-

dinarily fully advised their clients of their rights, the offense, its elements, and other necessary matters, are required to stand as mute and virtually useless appendages to the pleading procedures.

Nonetheless, it also should be noted in the year ending July 1, 1974 this court was required to decide 23 appeals involving the validity of guilty pleas. In addition, 18 such cases were disposed of by order under Supreme Court Rule 16 after a full examination of the whole proceedings below. Many such appeals (and district court post-conviction proceedings) could be avoided or rendered less onerous if trial court would touch all the bases at time of plea hearing. A checklist patterned after that contained in the appendix to United States v. Cody, 438 F.2d 287 (8 Cir. 1971), cert. denied, 409 U.S. 1010, 93 S.Ct. 454, 34 L. Ed.2d 303 (1972) should neither be difficult to prepare nor to use.

Affirmed.

MOORE, C. J., HARRIS and Mc-CORMICK, JJ., concur.

LeGRAND, J., concurs in result.