STATE of Iowa, Appellee,

v.

Hayden Jasper WATTS, Appellant.

No. 57397.

Supreme Court of Iowa.

Jan. 22, 1975.

Barry M. Anderson, Keokuk, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and James P. Hoffman, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, HARRIS and McCOR-MICK, JJ.

MOORE, Chief Justice.

Defendant was originally charged with the offense of breaking and entering. Pursuant to a plea-bargaining agreement the charge with the trial court's approval, was changed to the lesser offense of attempting to break and enter. The minutes of testimony attached to the county attorney's information detailed how defendant had been seen on April 19, 1974 attempting to break into Priebyl Jewelry Store in Keokuk, Lee County, Iowa and later police officers arrested him inside that place of business.

On May 20, 1974 defendant with his attorney appeared before the trial court and entered a plea of guilty to attempting to break and enter as then charged. After personal interrogation of defendant the court accepted the guilty plea. Sentencing was set for June 4 but defendant failed to appear on that date. He did appear on June 13, 1974, the rescheduled sentencing date. Defendant's motion to withdraw his plea was overruled. Judgment was entered sentencing defendant to serve a term not to exceed five years in the men's penitentiary. Defendant has appealed.

Defendant asserts the trial court erred in failing to (1) inquire into defendant's understanding of the charge, (2) determine factual basis existed for the plea and (3) sustain his motion to withdraw his plea of guilty.

We have repeatedly held that when a guilty plea is tendered the trial court must personally interrogate the defendant to determine whether (1) he understands the charge, (2) is aware of the penal consequences of the plea and (3) the plea is entered voluntarily. State v. Williams, Iowa, 224 N.W.2d 17, filed December 18, 1974; Brainard v. State, Iowa, 222 N.W.2d 711, 713; State v. Sisco, Iowa, 169 N.W.2d 542, 549. Meaningful compliance is the requirement. Brainard v. State, supra, 222 N.W.2d at page 714, and citations.

Before sentencing the judge must also satisfy himself there is factual basis for the plea. State v. Hansen, Iowa, 221 N.W.2d 274, 276, and citations.

In Ryan v. Iowa State Penitentiary, Ft. Madison, Iowa, 218 N.W.2d 616, 620, we say:

"It is apparent the showing of a factual basis, under the standard, may, but need not, be made prior to the acceptance of the plea. The requirement can be met any time before judgment is pronounced."

I. Defendant's first assigned error points out the trial court did not make a direct inquiry of his understanding of the charge. It is true the trial court never directly asked defendant if he understood the charge. We have heretofore suggested

such an inquiry be made. However, the absence of such inquiry will not invalidate the conviction where, as here, the whole record demonstrates defendant understood the nature of the charge when entering the plea. Brainard v. State, Iowa, 222 N.W.2d 711, 715; State v. Hansen, Iowa, 221 N.W.2d 274, 276; State v. Bedell, Iowa, 220 N.W.2d 891, 892, and citations in each.

■ The extent of the trial judge's explanation and inquiry into defendant's understanding varies with the circumstances of each case, including the complexity of the charge and other factors involved in the particular case. Brainard v. State, supra, Iowa, 222 N.W.2d 711, 714; Michels v. Brewer, Iowa, 211 N.W.2d 293, 296.

■ As we have already stated, defendant was originally charged with breaking and entering. Plea bargaining had been accomplished. The information which detailed the elements of the charged offense of attempting to break and enter was read to defendant at the plea proceeding. The name of the offense is sufficiently descriptive of its nature to make further explanation unnecessary. State v. Sargent, Iowa, 210 N.W.2d 656, 660; State v. York, Iowa, 210 N.W.2d 608, 609. Defendant's answers to the court's many questions indicate complete understanding thereof. At the close of the interrogation the court asked: "You have any questions whatsoever of this court before the court accepts your plea?" Defendant answered: "No, Sir."

Under the circumstances shown by the record it seems clear defendant understood the charge when entering his guilty plea. Defendant's first assignment of error is untenable.

■ II. At the sentencing hearing defendant and his counsel, Barry M. Anderson, were questioned concerning defendant's request to withdraw his guilty plea. This colloquy, set out in relevant part below, demonstrates the trial court did determine a factual basis existed for the plea as required by our holdings in State v. Hansen and Ryan v. Iowa State Penitentiary, Ft. Madison, both supra.

"THE COURT: He was originally charged with breaking and entering, and you, on behalf of Mr. Watts, and with the County Attorney made a deal to have that charge reduced from breaking and entering, isn't that correct?

"MR. ANDERSON: Yes, Your Honor.

"THE COURT: And actually, under the facts as stated in the Information, it would appear that he has—actually is guilty of breaking and entering rather than attempt to break and enter, if the facts stated in that Information are true, isn't that correct?

"MR. ANDERSON: Yes, Your Honor, if the facts are true. What I am asking on behalf of Mr. Watts is that he be allowed to go to trial on the breaking and entering charge and be tried by a jury to determine his guilt or innocence.

"THE COURT: There was no question in your mind, Mr. Anderson, at the time the deal was made with the County Attorney and with the approval of the Court that the charge be reduced from breaking and entering to attempt to break and enter that your client was fully aware of what he was doing?

"MR. ANDERSON: Yes, Your Honor, but I would like my client to answer that question.

"THE COURT: At the time you made this deal, you and your attorney made the deal, Mr. Watts, you were fully aware of what you were doing at that time, were you not?

"THE DEFENDANT: Well, yes, Sir. I know I was pleading guilty to a lesser charge, but since then, you know, I've talked to Mr. Anderson and I didn't understand all the law that was involved in the case and I don't remember breaking into the place.

"THE COURT: Well, Mr. Watts, at the time you entered this plea of attempting to break and enter, those facts were

available to you at that time, were they not?

"THE DEFENDANT: We never actually—Mr. Anderson and I never actually discussed that much about the law that was involved in the case.

"THE COURT: You mean to tell me, Mr. Watts, your attorney didn't tell you the possible sentences?

"THE DEFENDANT: Yes, Sir, he did do that.

"THE COURT: And told you you could stand trial and be tried by a jury?

"THE DEFENDANT: Yes, Sir, he told me that.

"THE COURT: All the questions the Court asked you on the 20th were true, were they not?

"THE DEFENDANT: Yes, Sir.

"THE COURT: And now that you have made the deal, and come back in here and the time for passing sentence is past, and you ran away, and they had to go back and get you, now you want this Court to permit you to withdraw your plea and go to trial on the other offense?

"THE DEFENDANT: On the original B and E charge, yes Sir.

" * * * .

"THE DEFENDANT: I remember the day I appeared in court, Yes, Sir.

"THE COURT: The day you made the deal with the County Attorney with the approval of this Court—

"THE DEFENDANT: Yes, Sir.

"THE COURT: —you knew exactly what you were doing at that time, did you not?

"THE DEFENDANT: Yes, Sir."

■ It is not necessary that defendant have an independent recollection of the facts of the alleged crime for his guilty plea, voluntarily entered, to be valid. State v. Hansen, supra, Iowa, 221 N.W.2d 274,

276; Young v. Brewer, Iowa, 190 N.W.2d 434, 438, and citations in each.

III. Code section 777.15 provides:

"At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

■ The word "may" as used in the statute must be given its usual meaning. It clearly implies that discretion is lodged in the court and does not give a defendant an absolute right to withdraw his plea. State v. Taylor, Iowa, 211 N.W.2d 264, 266; State v. Machovec, 236 Iowa 377, 382, 17 N.W.2d 843, 846.

In State v. Weckman, Iowa, 180 N.W.2d 434, 436, we say:

"The rule is now clear that if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion, the court may without abusing its discretion refuse to permit its withdrawal. State v. Sisco, supra, Iowa, 169 N.W.2d 542, 545; State v. Hellickson, Iowa, 162 N.W.2d 390, 395; State v. Krana, Iowa, 159 N.W.2d 413, 416; State v. Bastedo, 253 Iowa 103, 111, 112, 111 N.W.2d 255, 260."

■ We find no abuse of discretion by the trial court in refusing withdrawal of defendant's plea of guilty.

We find no reversible error in the issues raised by defendant.

Affirmed.