STATE of Iowa, Appellee,

v.

Herbert OBERBRECKLING, Appellant.

No. 57398.

Supreme Court of Iowa.

Nov. 12, 1975.

Thomas L. Koehler, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond Sullins, Asst. Atty. Gen., and Thomas M. Horan, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

LeGRAND, Justice.

Defendant entered a plea of guilty to the crime of sodomy committed in violation of § 705.1, The Code, and was sentenced to a term of not more than 10 years in the Men's Reformatory. He appeals from that judgment, and we affirm.

Defendant alleges three errors make his plea invalid:

(1) The court failed to make proper inquiry into the voluntary character of the plea; ·

(2) The court failed to advise him of the elements of the offense with which he was charged; and

(3) The court failed to make certain he understood the nature of the offense.

I. We discuss (2) and (3) of the asserted errors together since they raise closely related issues.

■■ Our decisions hold it is not mandatory in every case for the trial court to explain each element of the offense to defendant. *State v. Watts*, 225 N.W.2d 143, 144–145 (Iowa 1975). The necessity for such explanation, as well as the extent to which it must go, varies according to the circumstances of each case. The overriding question is whether defendant, on the whole record, understood the elements of the crime and the nature of the charge against him. *State v. Watts, supra*; *Brainard v. State*, 222 N.W.2d 711, 714–715 (Iowa 1974); *State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974); *State v. Bedell*, 220 N.W.2d 891, 892 (Iowa 1974).

■ In the present case, the trial court made the following inquiry when the plea was accepted:

"THE COURT: Mr. Oberbreckling, have you read the Indictment and Minutes of Testimony before the Grand Jury that are attached to it?

"THE DEFENDANT: Yes.

"THE COURT: Are the statements contained in those documents basically true and correct?

" * * *

"THE DEFENDANT: Yes.

"THE COURT: Would you change them, sir, make any corrections?

"THE DEFENDANT: No."

It is true the trial court did not personally advise defendant of the elements of this crime, but the minutes of testimony explicitly described in simple and easy-to-understand terms how the crime was committed. While such recitation usually is relied on to establish a factual basis for the plea, in the present case it serves as well to set out the elements of the crime. It cannot be seriously contended defendant did not understand the nature of the crime of sodomy nor that he was unaware of the elements the

State would have been required to prove in the event of trial. *Cf. State v. Greene*, 226 N.W.2d 829, 831 (Iowa 1975) and *State v. Williams*, 224 N.W.2d 17, 18–19 (Iowa 1974). We hold defendant is not entitled to relief on the grounds here asserted.

■ II. We hold, too, defendant's plea was voluntary. In *State v. Reppert*, 215 N.W.2d 302, 304 (Iowa 1974), we said a plea of guilty to be valid "must be a voluntary and intelligent act done with actual knowledge of the existence and meaning of the constitutional rights involved and with full understanding of the nature of the charge against him and the direct consequences of the plea."

We have already said defendant understood the nature of the crime. The trial court carefully inquired into the voluntary nature of defendant's plea—the existence of threats or promises, the constitutional rights waived, and the punishment attached to the crime. There is no merit to the contention defendant's plea was involuntary.

III. The judgment is

Affirmed.