STATE of Iowa, Appellee,

v.

John Adison SPEER, Appellant.

No. 58263.

Supreme Court of Iowa.

Sept. 22, 1976.

Rehearing Denied Nov. 8, 1976.

Newport & Buzzell, P. C., Davenport, for appellant.

Richard C. Turner, Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction by guilty plea of the crime of false drawing of a check in violation of § 713.3, The Code. He attacks the validity of the guilty plea proceeding on two grounds: (1) understanding the charge and (2) establishing a factual basis.

I. The county attorney's information to which defendant entered his guilty plea alleged defendant:

"Did with fraudulent intent unlawfully draw, utter and deliver a certain check in writing dated September 20, 1973, and drawn on the Bank of Illinois, Mt. Vernon, Illinois, payable to Sears Roebuck & Company in the amount of $3,212.25, for which he did receive money, goods and value to the extent of $3,212.25 well knowing that he did not then and there have sufficient funds or arrangements with said bank to meet or pay the same in violation of Section 713.3 of the 1973 Code of Iowa."

Before receiving the plea the trial court interrogated defendant and advised him of his constitutional rights but did not specifically list each element of the crime. Such is not always required. *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974); *State v. Hansen*, 221 N.W.2d 274 (Iowa 1974). In *Hansen*, 221 N.W.2d at 276, we said: "We have consistently held we will not reverse a judgment based on a guilty plea where trial court did not specifically explain each element of the crime, if under all the circumstances it is apparent the accused party understood the nature of the charge. (Authorities)."

Prior to accepting the plea the court received defendant's assurances he had never suffered any mental or emotional problems. The court then inquired: "Q. Anything about this that you don't understand that you want to ask the Court before I accept your plea of guilty and enter judgment of same? A. No, sir." The information, above quoted, adequately described the elements of the crime. It was read to defendant during the course of the trial court's inquiry. The record discloses the following:

"Q. We will put it this way. Are you pleading guilty; is it your wish to plead guilty to Information No. 16923, *State of Iowa v. John Adison Speer.* (The charge was read to the defendant by the Court.) By pleading guilty, do you admit to that charge. Now, do you admit to that charge? A. Yes, sir." On this record we believe defendant, a college graduate, understood the nature of the charge.

II. After submission of this appeal and pursuant to rule 342(e), Rules of Civil Procedure, applicable in criminal appeals by reason of § 793.17, The Code, this case was remanded to the trial court for the limited purpose of conducting a hearing to determine whether a factual basis existed for defendant's guilty plea. Pursuant to that order a hearing was held August 4, 1976. A detailed factual statement was provided by the assistant Scott County Attorney which elaborately detailed a factual basis for the plea. Defendant himself testified at the August 4 hearing. In his testimony he disagreed with the statement of the assistant county attorney. However the trial court was entitled to accept the State's statement and to reject defendant's. See *Ryan v. Iowa State Penitentiary, Ft. Madison*, 218 N.W.2d 616 (Iowa 1974). Upon the record made after limited remand defendant's second assignment is without merit.

AFFIRMED.