# IN THE COURT OF APPEALS OF IOWA

No. 18-1476
Filed April 1, 2020

**LLOYD RAYMOND HAYWOOD,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Lloyd Haywood appeals the denial of his application for postconviction relief. **AFFIRMED.**

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant.

Lloyd Haywood, Fort Madison, self-represented.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MULLINS, Judge.**

Lloyd Haywood appeals the denial of his application for postconviction relief (PCR). Haywood argues both attorneys who represented him in the underlying criminal matter were ineffective, the district court erred in denying his actual-innocence claim, and PCR counsel was ineffective in failing to have allegedly ineffective trial counselors testify at the PCR trial.[1]

## I.  Background Facts and Proceedings

Haywood was arrested on three charges following a domestic incident with his girlfriend in June 2016. Haywood was appointed counsel during his arraignment on August 1 but filed a pro se motion for new counsel on August 9. The motion was not resisted and was granted following a hearing. On August 24, new counsel was appointed and trial preparations began. On September 15, a guilty plea memorandum was filed with Haywood's signature. A written guilty plea followed the next day, again with Haywood's signature. Another incident with Haywood's girlfriend occurred in October, resulting in a probation violation, and

---

[1] Haywood filed pro se briefs that largely duplicate the claims raised through counsel. While recently enacted legislation forecloses our ability to consider pro se documents, *see* 2019 Iowa Acts ch. 140, §§ 30, 35(1) (codified at Iowa Code §§ 814.6A, 822.3A(1) (2019)), we have concluded the legislation does not apply to pro se materials filed before its effective date, July 1, 2019. *See, e.g., State v. Banks*, No. 18-1337, 2020 WL 110297, at *2 n.2 (Iowa Ct. App. Jan. 9, 2020); *Campbell v. State*, No. 18-1052, 2020 WL 105086, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. Banks*, No. 18-0721, 2020 WL 105078, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. O'Connor*, No. 18-0376, 2020 WL 109509, at *3 n.1 (Iowa Ct. App. Jan. 9, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019); *Daniels v. State*, 18-0672, 2019 WL 6894225, at *1 n.2. (Iowa Ct. App. Dec. 18, 2019); *State v. Kehoe*, No. 18-0222, 2019 WL 6893771, at *1 n.1 (Iowa Ct. App. Dec. 18, 2019); *State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App. Nov. 6, 2019). We will consider Haywood's pro se briefs, filed prior to July 1, 2019.

new charges were filed in January 2017. The probation violation and January charges were resolved by plea agreement in February.

Haywood's first PCR application was filed on April 20; it was subsequently amended multiple times. Trial took place on July 3, 2018. Haywood testified regarding the service provided by both first and second trial counsel but neither attorney testified. It appears an attempt was made at serving the first attorney with a subpoena, but service was not successful. The district court denied all five claims Haywood raised in his PCR applications. Haywood appeals.

## II. Standard of Review

Appellate courts review PCR proceedings for errors at law while claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). When exercising a de novo review, "we give weight to the lower court's findings concerning witness credibility." *Id.*

## III. Discussion

### A. Ineffective-Assistance-of-Counsel Claims

Haywood claims his first and second attorneys for his underlying criminal case and his PCR trial counsel were ineffective. In order to prove ineffective assistance of counsel, "a claimant must satisfy the *Strickland* test by showing '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (quoting *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008)). The first prong, failure to perform an essential duty, is satisfied by showing by a preponderance of the evidence that counsel's error was so serious that counsel "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (quoting *State v. Palmer*, 791 N.W.2d

840, 850 (Iowa 2010)). The second prong requires the claimant to prove "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 496 (quoting *Maxwell*, 743 N.W.2d at 196). In the context of a guilty plea, a claimant must prove "he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006) (quoting *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002)). Appellate courts may preliminarily consider the prejudice prong and, if lacking, rule accordingly. *Clay*, 824 N.W.2d at 501.

### 1. First Counsel

Haywood alleges his first counsel was ineffective in accepting appointment on the matter. Counsel had a contract with the State Public Defender's Office to represent indigent defendants, but that contract did not extend to felony charges. Haywood argues counsel was not qualified to take his case. The State argues Haywood failed to establish a breach of duty or prejudice.

Haywood generally targets counsel's failure to file motions, speak to witnesses, and seek discovery, among other things in arguing counsel was not qualified to accept representation. There is nothing in the record to suggest counsel exceeded the limits of his contract with the public defender. However, the scope of the contract does not equate to counsel's license to practice, as Haywood argues.

Haywood was appointed new counsel who completed a deposition of Haywood's girlfriend, engaged in discovery, and began to prepare for trial. Trial preparations were discontinued only when plea negotiations were successful. All of the alleged errors Haywood aimed at first counsel were remedied by second

counsel. Thus, we find Haywood has failed to carry his burden to prove he would not have accepted his plea agreement in favor of proceeding to trial. Haywood was not prejudiced, and counsel was not ineffective. *See Straw*, 709 N.W.2d at 138.

### 2. Second Counsel

Haywood argues his second counsel was ineffective in failing to ensure his plea was voluntary, intelligent, and supported by a factual basis. The State argues Haywood's plea was voluntary and intelligent and contests error preservation on the factual-basis claim.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* Counsel's failure to contest the factual basis for the plea was neither raised in nor ruled on in the PCR proceeding. Error was not preserved on that argument. *See id.* However, to the extent Haywood argues PCR counsel was ineffective in failing to raise the issue, we may consider the merits of that claim. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

"A guilty plea results in a waiver of several constitutional rights. For the waiver to be valid, there must be an intentional relinquishment of known rights." *State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). In order to satisfy due process requirements, ensuring a defendant understands the consequences of a guilty

plea, a plea must be voluntary and intelligent. *Id.* "The overriding question is whether defendant, on the whole record, understood the elements of the crime and the nature of the charge against him." *Id.* (quoting *State v. Oberbreckling*, 235 N.W.2d 121, 122 (Iowa 1975)). Courts are required to confirm that a plea is voluntary and intelligent pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b). However, a defendant may waive the procedures if pleading guilty to a serious or aggravated misdemeanor by written document. Iowa R. Crim. P. 2.8(2)(b). If counsel fails to alert the court of noncompliance with the rule or neglects to file a motion in arrest of judgment, a breach of duty has occurred. *Straw*, 709 N.W.2d at 134.

In the criminal proceeding, the parties reached an agreement for Haywood to plead guilty to domestic abuse assault by impeding air or blood flow, an aggravated misdemeanor. The document Haywood signed was entitled Guilty Plea and Waiver of Presence. That document described Haywood's "right to be personally present at [his] guilty plea and sentencing" and explicitly stated waiver of it by signing the document. Haywood insisted at his PCR trial he did not read the document and had no idea what he was signing. However, our review of the record indicates otherwise. This was not Haywood's first experience entering a guilty plea. Haywood was in constant communication with the court as shown by his pro se filings. Those filings reveal Haywood was well aware of which depositions had been completed, whether motions had been filed, and that his trial was quickly approaching. Furthermore, the parties worked through a written plea agreement memorandum document that Haywood signed prior to completing his written guilty plea. Accordingly, Haywood has failed to show his plea was not

knowingly and voluntarily made. Thus, he has failed to prove counsel breached an essential duty. Counsel was not ineffective. *Clay*, 824 N.W.2d at 495.

### 3. PCR Counsel

Haywood alleges PCR counsel was ineffective in failing to secure the testimony of both first and second trial counsel. The State argues Haywood has not proved prejudice.

Claims of ineffective assistance of counsel may be addressed on direct appeal if an adequate record exists to support review. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). If the record is inadequate the claim may be preserved for PCR. *Id.* Our review of the record reveals very little information. PCR counsel moved for and was granted funds to depose second trial counsel. A return of service also reveals an attempt was made to secure testimony of first trial counsel. However, we have no record of what, if any, other measures were taken or if a strategic decision was made to ultimately forego the testimony of allegedly ineffective trial counsels.

Accordingly, we preserve this ineffective-assistance claim for a possible subsequent PCR action. *See Straw*, 709 N.W.2d at 138. Effective July 1, 2019, while this appeal was pending, the Iowa Legislature amended Iowa Code section 822.3, adding: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. Because the record and briefs before us on this appeal do not address the possible application or implications of amended section 822.3 on Haywood's claim, we do not address that potential issue. Our

preservation of his claim is conditional, subject to a possible district court determination in any subsequent proceeding.

B.    Actual-Innocence Claim

Haywood argues the PCR court erred in denying his claim of actual innocence. The State argues a reasonable juror would have convicted Haywood on his proposed record and he failed to meet the clear-and-convincing-evidence standard.

"For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). Haywood argues his girlfriend recanted her claims during her deposition, the fact that his girlfriend and the only witness were drunk at the time of the incident makes them less credible, the other witness never gave deposition testimony, and Haywood consistently maintained his innocence. Our review of the record reveals that Haywood's girlfriend didn't necessarily recant her claims. She admitted to consuming a pint of vodka prior to the incident and said she couldn't remember several aspects of the incident. The officers who responded to the scene were prepared to testify to their observations including that the girlfriend was afraid of Haywood, she had concerns he would return later to hurt her, and she had red marks and scratches on both sides of her neck. The other witness also reported to police he was in fear for the life of Haywood's girlfriend and he was tired of seeing her assaulted by Haywood. When police located Haywood after the incident, he was excited and sweating. On our review of the record, we find

Haywood has failed to carry his burden of proving "by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant." *Id.*

## IV.   Conclusion

We find Haywood failed to carry his burden to prove either first or second trial counsel provided Haywood with ineffective assistance.  However, we preserve the claim of ineffective assistance of PCR counsel for a possible future PCR claim. Finally, we find Haywood failed to meet his burden to prove his actual-innocence claim.

**AFFIRMED.**