## IN THE COURT OF APPEALS OF IOWA

No. 20-1388
Filed January 12, 2022

**RONALD JAMES TAYLOR,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buena Vista County, Carl J. Petersen, Judge.

An applicant appeals the summary dismissal of his fourth postconviction-relief action. **AFFIRMED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

"Again, finality has come." So declared the district court in dismissing Ronald Taylor's fourth application for postconviction relief (PCR). Not accepting that finality, Taylor contests the dismissal by raising five issues. First, he argues his application was timely under *Allison v. State*, 914 N.W.2d 866 (Iowa 2018). Second, he alleges appellate counsel in his first PCR action was ineffective for not seeking further review from our decision affirming the denial of relief. Third, he claims trial counsel in his criminal case was ineffective for allowing him to enter guilty pleas that were involuntary and unknowing.[1] Fourth, Taylor contends counsel in his fourth PCR trial was ineffective for not filing an amended application. And fifth, Taylor insists the district court erred in not letting him testify at the hearing on the motion to dismiss. Because Taylor's claims cannot overcome the lateness of his application, we affirm its dismissal.

This appeal marks Taylor's fourth trip to our court. His first appeal from his two convictions for lascivious acts raised only restitution issues, and we dismissed it as premature. *State v. Taylor*, No. 12-1416, 2013 WL 1759929, at *1 (Iowa Ct. App. Apr. 14, 2013). His second appeal challenged the denial of his first PCR application. We rejected four allegations of ineffective assistance of counsel: (1) trial counsel's failure to investigate; (2) trial counsel's failure to ensure Taylor's guilty pleas were knowing and voluntary; (3) trial counsel's failure to present sufficient support for a motion to withdraw the pleas; and (4) direct appeal

---

[1] Taylor entered *Alford* pleas, a guilty plea variation where the accused consents to the imposition of a prison sentence, while being unwilling or unable to admit participation in the crime. *See State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974) (discussing *North Carolina v. Alford*, 400 U.S. 25 (1970)).

counsel's failure to challenge the denial of post-plea motions. *Taylor v. State*, No. 15-1493, 2016 WL 4801657, at *4–5 (Iowa Ct. App. Sept. 14, 2016).

In his third appeal, he challenged the denial of his second and third PCR applications. He alleged his trial attorney was ineffective (1) for not investigating the State's threat to file additional charges; (2) for not offering proof at the motion-in-arrest-of-judgment hearing; and (3) for failing to support the motion to withdraw his *Alford* pleas. We affirmed the district court's dismissal of the first two claims as fully adjudicated in the first PCR under Iowa Code section 822.8 (2017). *Taylor v. State*, 20-0475, 2021 WL 811170, at *5 (Iowa Ct. App. March 3, 2021). We rejected the third allegation on its merits. *Id.* at *6. We also affirmed the district court's rejection of his actual-innocence claim. *Id.* at *5.

Now in this fourth appeal, Taylor admits that he filed the PCR application outside the three-year window provided in Iowa Code section 822.3 (2020). But he looks for solace in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). No such luck. *Allison* allowed a PCR applicant to avoid that statute of limitations by showing (1) the first PCR application was timely; (2) the second PCR application alleged first PCR counsel was ineffective in challenging trial counsel's performance; and (3) the second PCR was filed "promptly" after the first PCR action. 914 N.W.2d at 891.

Then 2019 legislation abolished the *Allison*-era relation-back doctrine for allegations of ineffective assistance in PCR proceedings. *See* 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 and effective July 1, 2019); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (finding enactment abrogated *Allison*). That legislation applies to Taylor's

fourth PCR application, filed in March 2020. And even if the legislative enactment did not apply, *Allison* only contemplated one round of relating back to the original application. Indeed, our court has held time and again that *Allison* does not save third or subsequent PCR applications.[2]

We affirm the district court's dismissal of Taylor's fourth PCR application as untimely and do not need to address the other issues raised.

**AFFIRMED.**

---

[2] *See Goode v. State*, No. 20-0282, 2021 WL 4889249, at *3–4 (Iowa Ct. App. Oct. 20, 2021); *Woodberry v. State*, No. 19-1693, 2021 WL 4304232, at *1 (Iowa Ct. App. Sept. 22, 2021); *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 (Iowa Ct. App. Feb. 17, 2021); *Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020); *Long v. State*, No. 19-0726, 2020 WL 2061934, at *4 (Iowa Ct. App. Apr. 29, 2020); *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *2 n.2 (Iowa Ct. App. Aug. 7, 2019); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018).