**STATE of Iowa, Appellee,**

v.

**Gerald Lee SARGENT, Appellant.**

**No. 55289.**

Supreme Court of Iowa.

Sept. 19, 1973.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

MOORE, Chief Justice.

Defendant combines his appeals from judgments on guilty plea convictions for uttering a forged instrument and for assault with intent to inflict great bodily injury. We affirm the judgment in each.

The sole question raised by defendant is whether the trial court complied with the guideline requirements as established by our now oft-cited case of State v. Sisco, Iowa, 169 N.W.2d 542. Stated briefly we therein held that when a guilty plea is entered the trial court must address the accused personally and by interrogation determine whether he understands the charge made, is aware of the penal consequences of the plea and that it is entered voluntarily. State v. Hackett, Iowa, 201 N.W.2d 487, 488; State v. Christensen, Iowa, 201 N.W. 2d 457, 458.

On July 12, 1971 assistant county attorney, Ronald Kuntz, defendant and his attorney Lawrence Scalise appeared before District Judge Gibson Holliday. The following proceedings were had:

"MR. KUNTZ: May it please the Court, Your Honor, this is Criminal Case No. 58782, State of Iowa versus Gerald Lee Sargent on a charge of uttering a forged instrument. He is present in Court with his attorney, Mr. Scalise, for purposes of entering a plea.

"Also present before the Court is a charge of assault with intent to commit great bodily injury against Gerald Lee Sargent, who is present in Court. He has indicated he also wishes to enter a plea to that.

"MR. SCALISE: If your Honor please, the defendant, Gerald Lee Sargent, with respect to both charges respectfully requests the Court to allow him to withdraw his former plea of not guilty and enter a plea of guilty to both charges.

"He states to the Court that he understands that he may be tried by a jury. He may have witnesses who are against him called and cross-examined. He understands that the State must prove his guilt beyond a reasonable doubt. He understands that as he stands here today he is presumed to be innocent. He understands he may have service of process and call witnesses on his behalf. He understands that he waives all of those rights if he enters his plea of guilty.

"He states to the Court that no threats or promises have been made to him to induce him to plead to these charges. It is his desire to plead to them because, in fact, he is guilty of them. He states that he knows the maximum sentence that could be imposed by this Court.

"THE COURT: Your name is Gerald Lee Sargent? THE DEFENDANT: Yes, sir.

"THE COURT: Mr. Sargent, we will take up Case No. 58782. You have been indicted for uttering a forged instrument, and an Information was filed on the same charge, and if I understand your attorney, Mr. Scalise, you are now wanting to withdraw your plea of not guilty and enter a plea of guilty. THE DEFENDANT: Yes, sir.

"THE COURT: Is that right? THE DEFENDANT: Yes, sir.

"THE COURT: Now, you understand that by doing this you are not going to be tried by a jury? THE DEFENDANT: Yes.

"THE COURT: You are waiving your rights to be confronted by your accusers? THE DEFENDANT: Yes, sir.

"THE COURT: You have been informed as to what the penalty is under Section 748.5 for uttering a forged instrument? THE DEFENDANT: Yes.

"THE COURT: And you are doing this voluntarily? THE DEFENDANT: Yes, sir.

**658**

"THE COURT: There haven't been any promises or commitments made to you in order to induce you to plead guilty? THE DEFENDANT: No, sir.

"THE COURT: Are you pleading guilty because you are guilty of what you have been charged with? THE DEFENDANT: Yes, sir.

"THE COURT: Are you satisfied with the representation by Mr. Scalise? THE DEFENDANT: Yes, sir.

"THE COURT: You have no complaints at all? THE DEFENDANT: No, sir.

"THE COURT: Now, then, we will go on now to this next charge; it is Criminal No. 58784. You have been informed and indicted there for assault with intent to do great bodily injury. Now, Mr. Scalise states that you want to withdraw your plea, of not guilty and enter a plea of guilty to that charge, is that right? THE DEFENDANT: Yes, sir.

"THE COURT: Now, again I'll ask you the same questions; that you understand that by pleading guilty to any of these charges you waive your right of trial by jury? THE DEFENDANT: Yes.

"THE COURT: Waive the right to be confronted by your accusers? THE DEFENDANT: Yes, sir.

"THE COURT: And that you understand the penalty? THE DEFENDANT: Yes.

"THE COURT: Have there been any promises or commitments made to you in order to get you to plead guilty? THE DEFENDANT: No, sir.

"THE COURT: You are pleading guilty because you are guilty? THE DEFENDANT: That's right.

"THE COURT: And insofar as this case is concerned, you are well satisfied and feel that you have been well represented by Mr. Scalise? THE DEFENDANT: Yes, sir.

"THE COURT: You want to plead guilty to both these charges? THE DEFENDANT: Yes, sir.

"THE COURT: Now, then, there is this habitual criminal. We will dispose of that, dismissing it, as I understand it.

"MR. KUNTZ: May we approach the bench, Your Honor?

"THE COURT: Yes.

(Discussion off the record).

"MR. SCALISE: I will just ask on the record if the Court, in the interest of justice, would dismiss the habitual criminal, and do that by imposing the ten year sentence on the forgery and the one year on the assault with intent to do great bodily injury. I think that really would effectively dispose of the habitual criminal anyway.

"THE COURT: I don't think anything can happen on that if we take care of those two other cases.

"Now, Mr. Sargent, do I understand you are now confined in the penitentiary? THE DEFENDANT: Yes, sir.

"THE COURT: Where were you sent up from? THE DEFENDANT: Lucas County.

"THE COURT: Chariton? THE DEFENDANT: Yes, sir.

"THE COURT: Is that your home? THE DEFENDANT: No, I live in Des Moines.

"THE COURT: You are from Des Moines? THE DEFENDANT: Yes, sir.

"THE COURT: What was the charge in Lucas County? MR. SCALISE: Receiving and concealing stolen property, Your Honor.

"THE COURT: And you were on parole? THE DEFENDANT: I went to

Fort Madison and I done a year and a half, and then they paroled me.

"THE COURT: Now, since you got in this trouble they have revoked that parole and taken you back? THE DEFENDANT: Yes, sir.

"THE COURT: How much time do you have on the present charge? THE DEFENDANT: Ten months.

"THE COURT: Ten months? THE DEFENDANT: Yes, sir.

"THE COURT: Well, now Mr. Sargent, you understand by pleading guilty that the Court has the right to sentence you in any way that he sees fit on these pleas; you understand that, don't you? THE DEFENDANT: Yes, sir.

"MR. SCALISE: I have indicated to Mr. Sargent, Your Honor, that if you would accept the pleas, that the 11 years would run after he had completed his present term; that is, I think he had about eight months left to go.

"THE COURT: In other words, these are going to be consecutive if I'm going to take the pleas on them. MR. SCALISE: To the one that he is serving now, that would be correct. I told him they would be back-to-back.

"THE COURT: And to each other? MR. SCALISE: That's fine.

"THE COURT: On this case No. 58782 for uttering a forged instrument, it will be the judgment of the Court that you be sentenced to the State Penitentiary for a term of ten years, and that is to run consecutively after the charge for which you are now being confined. In other words, this ten years starts after your present term is expired down there. Now, then, on criminal No. 58784, assault with intent to do great bodily injury, I'm going to sentence you to one year on that. There will be no fine. I will just sentence you for one year, and that will run consecutively after your present sentence and after the ten year

sentence on Criminal No. 58782 is done; now, you understand that? THE DEFENDANT: Yes.

"THE COURT: Do you have any questions about it. THE DEFENDANT: No.

"* * *.

"THE COURT: Now, Mr. Kuntz, have I covered everything as far as you know? MR. KUNTZ: Yes, Your Honor.

"THE COURT: Mr. Scalise? MR. SCALISE: Everything, Your Honor.

"THE COURT: You have no questions about this; you understand it? THE DEFENDANT: Yes, sir."

Formal orders accepting the guilty pleas and entering judgments as per the court's pronouncements were duly entered.

Defendant argues the record does not adequately demonstrate he understood the nature of the charge, the court did not sufficiently so inform him, voluntariness of his plea was not shown and the factual basis for the plea was not established. We do not agree. The record is contrary to defendant's contentions as to each plea.

■ The guidelines established by Sisco do not require a ritualistic or rigid formula for court's interrogation. Meaningful compliance is the requirement. State v. Bledsoe, Iowa, 200 N.W.2d 529, 531; State v. Sisco, supra, Iowa, 169 N.W.2d 542, 548.

■ The trial court's compliance with the standards approved in Sisco is not a complete substitute for advice of counsel. Its purpose is to complement defendant's right of counsel to insure that defendant's plea meets the formal requisite for the plea. State v. Christensen, Iowa, 201 N.W. 2d 457, 459; State v. Mehuys, Iowa, 172 N.W.2d 131, 136.

Standard 3.2(b) of the American Bar Association Standards relating to pleas of guilty states the duties of defense counsel in connection with a guilty plea is: "To aid

the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and of considerations deemed important to him or the defendant in reaching a decision."

The trial court's interrogation of defendant clearly shows Mr. Scalise rendered such aid. It seems inconceivable defendant was without complete understanding of the nature of each charge to which he was pleading guilty. As to each the name given the offense is descriptive of the nature thereof.

In response to the trial court's inquiry defendant stated he was pleading guilty voluntarily. Factual basis for the plea to each charge is established by defendant's statements to the court. It must be noted defendant stated he was pleading guilty because he was guilty.

We hold there was meaningful compliance for the Sisco guidelines and that defendant knowingly and voluntarily entered a guilty plea to each of the charges here involved.

Each judgment is affirmed.

Affirmed.