**STATE of Iowa, Appellee,**

v.

**Gerald WALL, Appellant.**

**No. 58169.**

Supreme Court of Iowa.

March 17, 1976.

For dissenting opinion see 240 N.W.2d 640.

Stephen W. Scott, Dubuque; for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., and Robert J. Curnan, County Atty., for appellee.

Heard by MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

This is another in a rising flood of appeals involving guilty plea hearings which question trial court compliance with the requirements of our six-year-old decision in *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969).

A county attorney's information filed December 23, 1974 charged defendant with false uttering of a check, a violation of § 713.3, The Code. Minutes of testimony attached indicate defendant presented to Zayre's department store in Dubuque a $146.74 check drawn on Union State Bank, Lancaster, Wisconsin. Although it is not clear in the record, it appears defendant received cash, not goods, in exchange for his check. Zayre's deposited this instrument which was returned from Union State Bank accompanied by a notation defendant's account was closed.

December 27, 1974 defendant appeared for arraignment and counsel designated by defendant was appointed. Other information in the record discloses this attorney represented defendant on other charges and had spent 1.9 hours on this case before his appointment.

The information did not contain the statutory element which provides the person charged "knowingly shall not have an arrangement, understanding, or funds with such bank * * * sufficient to meet or pay the same." See § 713.3, The Code. In any event, defendant's counsel waived the reading of the information and tendered defendant's plea of guilty.

In the colloquy which followed, the following portions of the transcript comprise

the entire record relating to the court's exploration of defendant's understanding of the charge and its determination of existence of a factual basis for the plea:

"THE COURT: Do you understand that in order for the State to establish your guilt at that trial, it would have to establish beyond a reasonable doubt that you did utter a check to Zayre's department store, and that you uttered it with the intent to defraud, and that you did in fact achieve some portion of your result of defrauding the Zayre's department store; do you understand that?

THE DEFENDANT: Yes, Your Honor.

\* \* \*

THE COURT: Is the forging and uttering of this check in character for you; is it normal to your daily life?

THE DEFENDANT: No, Your Honor.

THE COURT: What were the circumstances that produced this bizarre activity?

THE DEFENDANT: Well, I guess about all I can say, I was planning on going in the Marines, and I missed my flight to Des Moines. And after that I tried to get in touch with the recruiter in Lancaster, so I thought it was—

THE COURT: I can't hear you.

THE DEFENDANT: I was going in the Marines, and I missed my flight to Des Moines for the physical. And when I missed that there, I couldn't get in touch with the recruiter, so I went back and just started writing the check.

THE COURT: How long before you wrote the check had you missed your flight?

THE DEFENDANT: It was, I think, the following day I wrote the check.

\* \* \*

THE COURT: Did Zayre's lose anything in this transaction?

MR. FITZSIMMONS [County Attorney]: The amount of the check, Your Honor."

Defendant was never directly asked if he understood the charge or if he had any questions concerning it.

Among other issues, defendant now asserts trial court did not adequately explain the offense or adequately determine, on the record, defendant understood the charge. He further asserts trial court did not determine, on the record, there was a factual basis for the plea.

I. *Defendant's understanding of the nature of the charge.*

■ In *Brainard v. State,* 222 N.W.2d 711, 714 (Iowa 1974), we said the first *Sisco* requirement, determination of defendant's understanding of the charge, has two aspects. The judge must explain the charge to the defendant and he must inquire into defendant's understanding of it. In our view, this requirement has not been met.

A vital element of the § 713.3 crime is that defendant knowingly not have "any arrangement, understanding, or funds with the bank \* \* \* upon which the check \* \* \* is drawn sufficient to meet or pay the same." *State v. Mullin,* 225 N.W.2d 305, 307 (Iowa 1975); *State v. Lansman,* 245 Iowa 102, 106, 60 N.W.2d 815, 817 (1953); see II IBA Uniform Jury Instruction No. 510.2. This element was omitted from the information which may account for the judge's failure to mention it when he attempted to inform defendant concerning the elements of the offense.

It is no answer to say the court was not *required* to discuss each element of the offense in order to determine defendant's understanding of the crime. *State v. Hackett,* 201 N.W.2d 487, 490 (Iowa 1972). In this instance trial court, for defendant's instruction, *did* set out to "tick off" the elements of the offense which the State was required to prove and omitted one of the most important. An affirmative answer relating to defendant's understanding based on that court-administered misadvice should not support a conviction.

Nor is it reasonable to suggest the element the court omitted is in some obscure manner subsumed under the other elements mentioned by the court. "Knowingly not having any arrangement" is an element separate from and additional to the intent to defraud element of a § 713.3 offense. Our decisions have plainly identified it as one of the three distinct and necessary elements. *State v. Mullin,* supra, 225 N.W.2d at 305; *State v. Mason,* 203 N.W.2d 292, 295 (Iowa 1972); *State v. Johnson,* 196 N.W.2d 563, 565 (Iowa 1972). We further observed the elements are clearly set out in those decisions without use of the words "utter", "uttered", or "uttering", employed by trial court. "Utter", as it appears in § 713.3 and in the court's colloquy, is an ancient word with precise legal implications, see Black's Law Dictionary, p. 1716 (rev. 4th ed. 1968), and its use would probably not contribute to the ordinary layperson's understanding of the crime charged.

Defendant was never directly asked what he did, or whether he had an account in the Wisconsin bank when he wrote the check, or any arrangement or understanding with the bank to honor the check. Such questions, if asked, might have developed his knowledge and understanding of the offense in this regard. In fact, as above indicated, he was never directly asked if he understood the charge or had any questions concerning it. While such questions are not mandated in every situation, *Brainard v. State,* supra at 715, they will sometimes invoke responses which will support an affirmance where the question is close. *State v. Sargent,* 210 N.W.2d 656, 659 (Iowa 1973).

Although a different *Sisco* requirement was at issue in *Ryan v. Iowa State Penitentiary, Ft. Madison,* 218 N.W.2d 616, 617 (Iowa 1974) it should be noted in that instance the element missing here was contained in the information grounded on § 713.3 and was read to defendant. The present situation is also unlike *State v. Hansen,* 221 N.W.2d 274, 276 (Iowa 1974) where the defendant acknowledged, in response to a court inquiry, that he had received and read a copy of the indictment and understood the charge and where the statute itself was read to him.

On the record set out above, defendant's understanding of the nature of the charge is not apparent. There is no indication defendant "under[stood] the law in relation to the facts." *Brainard v. State,* supra, 222 N.W.2d at 714. The case must therefore be reversed and remanded with directions to set aside the conviction and sentence and permit defendant to plead anew.

II. *Other issues.*

Our above holding does not require us to reach defendant's claim trial court did not establish, on the record, a factual basis for the plea. Other issues raised by defendant are without merit, including his contention he was denied his right to effective assistance of counsel. See *State v. Townsend,* 238 N.W.2d 351, 357 (Iowa 1976); *Ogden v. State,* 215 N.W.2d 335, 337 (Iowa 1974).

REVERSED AND REMANDED WITH DIRECTIONS.

MOORE, C. J., and HARRIS and McCORMICK, JJ., concur.

UHLENHOPP, J., dissents.