**STATE of Iowa, Appellee,**

v.

**Lowell Dean BUHR, Appellant.**

**No. 58510.**

Supreme Court of Iowa.

June 30, 1976.

L. W. Courter, of Doran, Doran & Courter, Boone, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Jr., Asst. Atty. Gen., and Wallace L. Taylor, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Lowell Dean Buhr appeals his convictions and sentences upon his pleas of guilty to robbery with aggravation in violation of § 711.2, The Code, and carrying a concealed weapon in violation of § 695.2, The Code. We reverse the conviction of robbery with aggravation because of the trial court's failure to ascertain defendant's understanding of the nature of the charge before accepting his guilty plea. Upon remand, defendant shall plead anew to that charge. We affirm the conviction of carrying a concealed weapon.

The charges involved here arose from the same general episode. The State alleged that defendant and Darrell Lincoln Watts robbed L. Dale Jorgensen of $16 in the driveway of the Jorgensen home in Boone at about 9:00 p. m. on December 14, 1974. The State's minutes of testimony indicated defendant wore a ski mask and held a pistol on Jorgensen during the robbery. Jorgensen grabbed the barrel of the pistol and defendant fired a shot which landed at Jorgensen's feet. Defendant and Watts fled in defendant's automobile.

About 20 minutes later, a state trooper observed defendant and Watts in the automobile about four miles south of Boone. The trooper stopped the vehicle and arrested defendant for driving under the influence of an alcoholic beverage. The State alleged the trooper found the hand gun used in the robbery under the front seat of the car. Defendant did not have a permit for the gun. Two ski masks and a toy gun were also found in the car.

Defendant consented to a blood test. Analysis showed an alcohol level of 245 milligrams per 100 cubic centimeters of blood. The State's minutes indicated he was extremely intoxicated.

The State elected not to pursue the OMVUI charge against defendant but instead initiated two district court prosecutions against him, one for robbery with aggravation under Code § 711.2 and being an habitual criminal, and the other for carrying a concealed weapon under Code § 695.2.

Defendant tendered guilty pleas to the charges of robbery with aggravation and carrying a concealed weapon under a plea bargain pursuant to which the State obtained dismissal of the habitual criminal charge. The trial court accepted his pleas of guilty and sentenced him to an indeterminate twenty-five year prison term on the robbery with aggravation conviction and a concurrent indeterminate five year prison term on the carrying a concealed weapon conviction.

In appealing, defendant contends the trial court erred in receiving his pleas of

guilty. He asks that his convictions and sentences be set aside and that he be permitted to plead anew.

I. *The conviction and sentence for robbery with aggravation.* Defendant attacks the trial court's acceptance of his plea of guilty to robbery with aggravation on several grounds, but we believe the determinative ground is his claim the court failed to ascertain his understanding of the charge.

Robbery is defined in § 711.1, The Code:

"If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Robbery with aggravation is defined in § 711.2, The Code:

"If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Robbery without aggravation is defined in § 711.3, The Code:

"If such offender commits the robbery otherwise than is mentioned in section 711.2, he shall be imprisoned in the penitentiary not exceeding ten years."

█ Although defendant was sufficiently charged with robbery with aggravation, the county attorney's information used abbreviated language to state the charge, rather than the language of the statute. The record of the plea proceeding does not show the language of the statute was called to defendant's attention or was otherwise known by him.

The trial court's entire explanation and inquiry into defendant's understanding of the nature of this charge was as follows:

Q. Specially, you are before this court charged with the crime of robbery with aggravation, and in that connection I think it is necessary for me to discuss with you somewhat the attributes which make up such a crime. First of all, I would ask you are you acquainted in Boone? A. Yes, sir.

Q. Have you lived in Boone for some time? A. Yes, sir. I lived here for approximately a year and a half.

Q. Do you know of whom I am speaking when I talk of L. Dale Jorgensen? A. Yes, sir.

Q. It is charged in this Information that you did on or about December 14, 1974, with force and violence and armed with a dangerous weapon take and steal from Mr. Jorgensen money? A. Yes, sir.

Q. Did you do so? A. Yes, sir.

Q. How much money did you take? A. $16.00, sir.

Q. You were armed with a gun at that time? A. Yes, sir.

Q. And being so armed, it was your intention to commit larceny upon either the person or the property of Mr. Jorgensen? A. Well, sir, I don't know how to say this. I don't think it was really my intention. I did it, but I was pretty well under the influence of alcohol at the time, at which time I was arrested I was given a blood test.

Q. I understand. I am not talking about the time of your arrest. I know something about those circumstances because I have read the Minutes in both of these cases. A. Yes, sir.

Q. But we are talking about at the time of the robbery now; not the time of the arrest, but the time of the robbery. What did you intend to do when you went to the Jorgensens and sat there with a gun drawn? Let's get at it that way. A. I suppose, sir, it was with the intent to rob, because we did, you know, rob him.

Q. Well, is there anything else—A. No, sir.

Q. —that you could have intended? A. No, sir.

Q. You didn't intend to take over the house or kidnap him or steal his wife? A. No, sir.

Q. Had you known Jorgensen before that night? A. Yes, sir. I had purchased things from his store, you know. Defendant was never asked if he understood the charge.

The record also shows defendant asserted he did not actually remember the robbery because of his intoxication, saying, " * * I was pretty well drunk, pretty well bombed out you know, and I don't—I really do not remember exactly what happened, or I don't even remember the robbery part. I actually didn't remember anything until I was arrested out on the highway".

The trial court omitted any discussion or inquiry into defendant's understanding of the vital feature which distinguishes robbery with aggravation from robbery without aggravation. The court failed to ascertain defendant's understanding of what constitutes aggravation. Aggravation requires not only that the offender be armed with a dangerous weapon, but, insofar as relevant here, that he intend while so armed, if resisted, to kill or maim the person robbed. § 711.2, The Code; *State v. Ashland,* 259 Iowa 728, 732, 145 N.W.2d 910, 912 (1966); see II Uniform Jury Instructions 518.1, 518.2, and 518.3. The only reference to intent in the court's colloquy was the intent in the larceny involved. Of course, such intent is necessary for robbery without aggravation and is not the intent, if resisted, to kill or maim required in the robbery with aggravation offense. See *State v. Schell,* 172 Iowa 127, 153 N.W. 62 (1915); *State v. Taylor,* 140 Iowa 470, 118 N.W. 747 (1908); *State v. Wasson,* 126 Iowa 320, 101 N.W. 1125 (1905).

The trial court did not fulfill its duty to explain the charge and ascertain defendant's understanding of it as required by our cases.

 In *State v. Sisco,* 169 N.W.2d 542, 547–548 (Iowa 1969), we adopted certain ABA standards relating to pleas of guilty in an effort to assure that a defendant's plea of guilty is a voluntary and intelligent act and has a factual basis. One of the *Sisco* requirements is that the trial judge must personally address the defendant to determine whether he understands the charge.

As noted in *Sisco,* this requirement has its roots in Rule 11, Federal Rules of Criminal Procedure, discussed in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy,* the Supreme Court held there is no adequate substitute for demonstrating in the record at the time the guilty plea is entered that the defendant understands the nature of the charge against him. The Court explained the requirement is intended to assist the judge in making the constitutionally required determination that the plea is voluntary and intelligent and to provide a record for review. The Court added:

"Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." 394 U.S. at 466, 89 S.Ct. at 1171, 22 L.Ed.2d at 425.

The court also said:

"The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in the Rule itself. As our discussion of the facts in this particular case suggests, however, where the charge encompasses lesser included offenses, personally addressing the defendant as to his understanding of the essential elements of the charge to which he pleads guilty would seem a necessary prerequisite to a determination that he understands the meaning of the charge." fn. 20, 394 U.S. at 467, 89 S.Ct. at 1171, 22 L.Ed.2d at 426.

In *Brainard v. State,* 222 N.W.2d 711, 714 (Iowa 1974), we reiterated our adoption of the *McCarthy* principles. We said the determination of a defendant's understanding of the charge has two aspects: "The judge must explain the charge to the defendant, and he must inquire into defendant's understanding of it."

 We held the extent of the judge's explanation of the charge depends on its

complexity, the accused's education and experience, and other factors involved in the particular case. We will not reverse a judgment based on a guilty plea where the trial court did not specifically explain each element of the crime if under all the circumstances it is apparent the accused understood the charge. *State v. Hansen,* 221 N.W.2d 274, 276 (Iowa 1974). We said in *Brainard,* however, that the judge's inquiry into the defendant's understanding must be sufficient to show responses by the defendant demonstrating his understanding of the law in relation to the facts. We also said, "The defendant's understanding can best be determined by an inquiry in which the judge relates the elements of the charge to basic acts required to constitute the offense." 222 N.W.2d at 714.

This requirement was most recently applied in *State v. Wall,* 239 N.W.2d 548 (Iowa 1976). In that case we held the record did not show the defendant's understanding of the law in relation to the facts. A contributing factor was incomplete advice by the trial court regarding the elements of the offense. The same factor exists here.

■ The trial court here proceeded to "discuss the attributes" of the offense just as the court proceeded to "tick off" the elements of the offense in *Wall.* Here, as in *Wall,* the advice was incomplete. The court omitted any reference to one of the most important elements, the one which distinguishes robbery with aggravation, which carries an indeterminate twenty-five year prison term, from the lesser included offense of robbery without aggravation, which carries an indeterminate ten-year prison term. This is the kind of situation which requires an especially careful determination that the defendant understands the law in relation to the facts. *Brainard v. State,* supra, at 721 ("Petitioner's understanding of this aspect of the charge, in light of its close relationship with the lesser charge, is one of the realities mandated by *McCarthy v. United States,* supra, 394 U.S. at 467, 89 S.Ct. at 1171, 22 L.Ed.2d at 426, footnote 20."). The record here tends to establish defendant's understanding of a charge of robbery, but it does not establish his understanding of robbery with aggravation.

■ Although defendant was of at least average intelligence, had an eleventh grade education, was 37 years old, had an extensive criminal record, and was represented by counsel, these circumstances did not obviate the court's duty to establish his understanding of the charge in the respect involved here. See *Irizarry v. United States,* 508 F.2d 960 (2 Cir. 1974); *Cantor v. United States,* 469 F.2d 435 (3 Cir. 1972); *United States v. Vera,* 514 F.2d 102 (5 Cir. 1975); *Majko v. United States,* 457 F.2d 790 (7 Cir. 1972); *United States v. Cody,* 438 F.2d 287 (8 Cir. 1971); *United States v. Landry,* 463 F.2d 253 (9 Cir. 1972).

We do not hold the trial court was obliged to explain all of the elements of the offense. Nor do we say it was fatal that the trial court did not ask defendant if he understood the charge. We do say the name given the offense was not sufficiently descriptive of its nature to make further explanation unnecessary. And we say further explanation was necessary when the county attorney's information did not reveal the elements in stating the charge, the language of the statute was not called to defendant's attention or shown to be known by him, the court gave incomplete advice regarding the elements of the offense, and the court's colloquy did not show defendant understood the charge. *Henderson v. Morgan,* ―― U.S. ――, 96 S.Ct. 2253, 49 L.Ed.2d 108 (44 L.W. 4910, 1976); *State v. Frazier,* 232 N.W.2d 480 (Iowa 1975). This is the converse of the situation presented in *State v. Watts,* 225 N.W.2d 143, 145 (Iowa 1975).

In tendering his guilty plea, the defendant here was in a position similar to that of the petitioner in *Young v. Brewer,* 190 N.W.2d 434 (Iowa 1971). Each party tendered a plea of guilty to a charge of robbery with aggravation while asserting no recollection of the incident on which the charge was based. We recognized in *Young* that an accused may voluntarily and intelligently plead guilty to an offense if be be-

lieves it is to his advantage to do so even if he is unwilling to admit participation in the acts constituting the crime, at least where the evidence against him is strong. See *North Carolina v. Alford*, 400 U.S. 25, 32–37, 91 S.Ct. 160, 164–167, 27 L.Ed.2d 162, 168–171 (1970); *State v. Heisdorffer*, 217 N.W.2d 627, 629 (Iowa 1974). The trial court in *Young* fully explored Young's understanding of the nature of the charge and the elements of the offense as they related to the conduct necessary to establish them. His plea was held to have been voluntary and intelligent.

The example of the trial court in *Young* was not followed here. Defendant's under-. standing of the charge does not appear. The record does not show his plea of guilty to robbery with aggravation was voluntary and intelligent. Defendant's conviction and sentence on that charge must be set aside and he be permitted to plead anew.

■ II. *The carrying a concealed weapon conviction and sentence.* Defendant does not attack the proceeding in which his plea of guilty to the separate charge of carrying a concealed weapon in violation of § 695.2, The Code, was received. His only challenge to his conviction and sentence on that charge is his assertion the plea "was entered * * * as part of the same agreement and influenced by the same lack of information which influenced the defendant to enter a plea to the robbery with aggravation charge."

No authority is cited in support of this assertion. On that ground alone, we are entitled to reject it. However, we prefer to respond to it on the merits.

The invalidity of defendant's plea of guilty to the robbery with aggravation charge is wholly unrelated to the plea bargain. The record shows the State kept its part of the plea bargain, and defendant has neither alleged nor shown he did not understand it. Similarly, the defect found and the other defects alleged in the proceeding in which defendant tendered his plea of guilty to robbery with aggravation were wholly unrelated to the proceeding in which he entered his plea of guilty to the carrying a concealed weapon charge. No defect in the latter proceeding has been alleged or shown.

We find no merit in defendant's contention the conviction and sentence on the carrying a concealed weapon charge must also be set aside. A different issue would be presented if, upon remand, defendant withdrew from the plea bargain and the State obtained reinstatement of the habitual criminal· charge.

We reverse on defendant's appeal from his conviction and sentence for robbery with aggravation; we affirm on defendant's appeal from his conviction and sentence for carrying a concealed weapon.

REVERSED ON ONE APPEAL; AFFIRMED ON THE OTHER.