Carl B. HOSKINS, Petitioner,

v.

STATE of Iowa, Respondent.

No. 2–59075.

Supreme Court of Iowa.

Oct. 20, 1976.

James R. Bowers, Jr., Grinnell, for petitioner.

Richard C. Turner, Atty. Gen., Steven K. Sandblom, Asst. Atty. Gen. and Donald L. Schild, County Atty., for respondent.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Petitioner appeals from trial court's denial of his petition for postconviction relief. His petition challenged his guilty-plea conviction of false drawing and uttering a bank check in violation of § 713.3, The Code, 1973. Petitioner alleged, *inter alia,* the sentencing court failed to develop a record which demonstrated his understanding of the charge as required by *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969) and *Brainard v. State,* 222 N.W.2d 711 (Iowa 1974). Because we reverse and remand on this ground, it is unnecessary to consider the other issues raised.

This charge arose out of a $70.64 check defendant wrote on the Kellogg Savings Bank. His account was insufficient to cover it.

The following portion of the plea hearing record bears on the question before us:

"THE COURT: * * * Before proceeding further I want you to know that you're before the Court charged with the crime of uttering a false bank check in violation of Section 713.3 of the 1973 Code of Iowa. You understand the charge against you in this case?

THE DEFENDANT: Yes, your honor.

* * * * * *

THE COURT: You wrote a check to John's Sport Shop, do you remember that?

THE DEFENDANT: Yes, sir.

* * * * * *

THE COURT: And you didn't have funds with which to cover the check?

THE DEFENDANT: Yes, sir.

* * * * * *

THE COURT: That is what you're admitting that you did?

THE DEFENDANT: Yes, sir.

THE COURT: And this is also what you're charged with is writing this particular check without any funds with which to pay that.

THE DEFENDANT: Yes, sir."

I. There are two aspects of the "understanding" requirement: the judge must explain the charge to the defendant and he must inquire into the defendant's understanding of it. *Brainard,* supra, 222 N.W.2d at 714; *State v. Wall,* 239 N.W.2d 548, 549 (Iowa 1976). A defendant's understanding cannot be determined in a vacuum. See *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). That issue must frequently turn, as here, on the adequacy of the court's explanation of the charge.

We hold an explanation that the crime charged was "uttering" a "false"

check, standing alone, fails to satisfy the constitutional requirement. We have already noted the word "utter" as it is used in § 713.3 "is an ancient word with precise legal implications [citation] and its use would probably not contribute to the ordinary layperson's understanding of the crime charged." *State v. Wall*, supra, 239 N.W.2d at 550. The words "false check" neither appear in § 713.3 nor would they, in our opinion, illuminate for a layperson the characteristics of the charge lodged against defendant.

This leaves the court's lay-oriented explanations that the crime consisted of defendant's writing a check when he "didn't have the funds with which to cover it." Of course, this conduct occurs every time a person writes a check resulting in an overdraft in his bank account. If such behavior were a criminal offense, our justice system soon would grind to an overload stop.

■ We have held it is not a plea hearing *sine qua non* that a court specifically explain each element of the offense, if under all the circumstances it is apparent the defendant understood the nature of the charge. *State v. Townsend*, 238 N.W.2d 351, 355 (Iowa 1976); *State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974). Thus it may become relevant to determine whether defendant read the indictment or information, whether the criminal statute was read to him or whether he otherwise indicated a familiarity and knowledge of the meaning of significant words such as "intent". See *Hansen*, supra, 221 N.W.2d at 276. None of these circumstances were present in this hearing.

■ Other relevant factors include the complexity of the charge and the experience and education of the defendant. *Brainard*, supra, 222 N.W.2d at 714. This defendant's education terminated at the ninth grade level. He had no prior felony convictions. A § 713.3 offense is quite complex, including the elements of intent to defraud and failure to have an understanding or arrangement at the bank to cover the check. *State v. Mullin*, 225 N.W.2d 305, 307

(Iowa 1975). Neither element was ever mentioned to this petitioner.

■ On occasion we have found defendant's understanding can arise from the name of the offense. See *State v. Watts*, 225 N.W.2d 143, 145 (Iowa 1975) (breaking and entering); *State v. Sargent*, 210 N.W.2d 656, 660 (Iowa 1973) (uttering a forged instrument). But in *Watts*, we noted the information which detailed the elements of the crime was read to the defendant. In *Sargent*, the word "forged" in the name of the offense, communicated to the defendant, connoted an intent to defraud. These cases, minimally meeting the *Sisco* and *Brainard* requirements, are distinguishable from the circumstances *sub judice*.

■ There is no showing in this record the defendant at the plea hearing (petitioner here) had the requisite understanding. The limited colloquy with the court did not disclose whether this petitioner understood the law in relation to the facts. *Brainard*, supra, 222 N.W.2d at 714. We therefore reverse and remand with directions to set aside the conviction and sentence and permit defendant to plead anew.

REVERSED AND REMANDED WITH DIRECTIONS.