**STATE of Iowa, Appellee,**

v.

**Verlin Charles BROWN, Appellant.**

**No. 60635.**

Supreme Court of Iowa.

Feb. 22, 1978.

William B. Serangeli and Lawrence L. Marcucci, Frederick B. Anderson, of Williams, Hart, Lavorato & Kirtley, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Dan L. Johnston, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

MASON, Justice.

This is an appeal by defendant Verlin Charles Brown from judgment imposed upon his conviction of robbery. He seeks vacation of the conviction which was based upon his plea of guilty. He contends the trial court erred in accepting his tendered plea of guilty without an inquiry to determine of record that the plea of guilty was made with an understanding of the charge or that there was a factual basis for the plea.

November 9, 1976, a preliminary information was filed in the Polk District Court accusing defendant of the crime of robbery

in violation of section 711.3, The Code, 1975. He was held to answer and bond was fixed. December 9 defendant was charged by county attorney's information with robbery as defined in sections 711.1 and 711.2, The Code, 1975.

We set out the charging clause as it appears on the face of the information:

"Comes now RAY A. FENTON County Attorney of Polk County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses VERLIN CHARLES BROWN of the crime of ROBBERY as defined in Section 711.1 and 711.2 of the 1975 Code of Iowa, And charges that the said VERLIN CHARLES BROWN, on or about the 8th day of NOVEMBER, 1976, in the County of Polk and State of Iowa did rob one Connie Maddy of cash money."

He was arraigned December 15 and entered a plea of not guilty. January 31, 1977, defendant withdrew his former plea of not guilty and tendered a plea of guilty. After a hearing the court accepted his guilty plea. He was later sentenced to a term of not more than ten years in the Fort Madison Penitentiary.

At the January 31 hearing the following colloquy took place:

"MR. SMITH: May it please the Court, your Honor, the case before the Court at this time is the *State of Iowa vs. Verlin Charles Brown*, Criminal No. 10556. Mr. Brown was charged with *the crime of robbery as defined in Sections 711.1 and 711.2 of the 1975 Code of Iowa.* He has previously been arraigned on this charge. That arraignment took place on December 15th, 1976. At that time he entered a plea of not guilty.

"It is my understanding that at this time he wishes to change his former plea of not guilty and *enter a plea of guilty to the crime as charged.*

"THE COURT: Mr. Piazza?

"MR. PIAZZA: May it please the Court, *as the County Attorney has indicated,* it is the defendant's desire, with permission of the Court, to now withdraw that former plea of not guilty and interpose instead a plea of guilty to the charge of robbery.

"THE COURT: You are Verlin Charles Brown?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have heard your attorney state that you wish to withdraw your former plea of not guilty and enter a plea of guilty to the charge of *robbery.* Is that what you wish to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: The Court will not accept your plea unless the Court is satisfied of your guilt and satisfied that you fully understand your rights. * * * [The court then explained to defendant the rights he would forfeit if he pled guilty].

" * * *

"THE COURT: The State in this case charges that you did on the 8th of November, 1976 in the County of Polk and State of Iowa rob one Connie Maddy of some cash money; that at your trial the State would have to prove that by competent evidence beyond a reasonable doubt. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: *The penalty* which you are subject to on the charge in which you have asked to plead guilty *is up to ten years in the penitentiary.* Do you understand that?

"THE DEFENDANT: Yes, sir.

" * * *

"THE COURT; What did you do in this case, Mr. Brown, that brought you before the Court? Will you tell me in your own words just what it is you did that you are charged with?

"THE DEFENDANT: I walked into the store and asked the girl for the money, and she said, 'okay' and just put it in the paper sack. And I ran.

"THE COURT: Where was the place you went in and got the money?

"THE DEFENDANT: 29th and Easton.

"THE COURT: And you intended to take that money and keep it for your own use?

"THE DEFENDANT: I threw it away when I ran.

"THE COURT: You intended to take it and keep it and not to take it back to the store?

"THE DEFENDANT: Well, I was—yeah.

"THE COURT: Do you have some explanation as to why you went in there and took these people's money?

"THE DEFENDANT: I was drinking a little bit and just a bad mistake that I did.

"THE COURT: Did you know what you were doing at the time? You hadn't had that much to drink, or had you?

"THE DEFENDANT: Yes, sir.

"THE COURT: You knew what you were doing?

"THE DEFENDANT: Yes, sir.

" * * *

"THE COURT: The Court finds the defendant is acting voluntarily in pleading guilty and that he fully understands his rights and fully understands the consequences of his plea, and there is a factual basis for the plea. The defendant's plea of guilty is accepted." (Emphasis supplied).

A presentence report was ordered and sentencing was set for March 11. At the sentencing hearing, the county attorney again repeated defendant had previously been charged with the crime of robbery as defined in sections 711.1 and 711.2 of the 1975 Code. He then stated, " * * * Mr. Brown has also previously entered a plea of guilty to the crime as charged * * *." Later the court pronounced sentence stating the following:

" * * * Considering all the facts and the nature of the offense, the Court determines that this is not a case in which to grant probation. * * * It's the judgment of the Court that the defendant is adjudged guilty and he shall be imprisoned in the penitentiary at Fort Madison for a term not to exceed ten years as provided in Sections 711.1 and 711.2 of the Code and the Iowa Indeterminate Sentence Law as set out in Section 789A.13 [789.13] of the Code."

Robbery is defined in section 711.1, The Code, 1975:

"If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Robbery with aggravation is defined in section 711.2, The Code:

"If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Robbery without aggravation is defined in section 711.3, The Code:

"If such offender commits the robbery otherwise than is mentioned in section 711.-2, he shall be imprisoned in the penitentiary not exceeding ten years."

As pointed out, the State used the abbreviated language permissible under sections 769.13 and 773.35, The Code, in stating the crime charged in the county attorney's information. This information had been read to defendant at the arraignment stage. However, as in *State v. Buhr*, 243 N.W.2d 546, 548 (Iowa 1976), the record does not disclose that the language of sections 711.1, 711.2 and 711.3 was called to defendant's attention or was otherwise known to him.

The record discloses at the plea stage after defendant tendered a plea of guilty to the crime of robbery the trial court carefully explained to defendant the constitutional rights and privileges which he waived by pleading guilty. The court made specific inquiry whether there was any plea bargaining discussion and advised defendant the court was not bound by any agreement between defendant's counsel and the county attorney as to the sentence to be imposed.

The only reference in the record as to plea bargaining appears in the transcript in this fashion:

"THE COURT: Have there been any plea discussions on this case?

"MR. PIAZZA: Yes, your Honor. It is my understanding that if the Court does decide to accept this plea of guilty, the defendant will submit himself to a pre-sentence investigation and the County Attorney's recommendation then would be to go along with whatever their recommendation was as a result of the pre-sentence investigation.

"THE COURT: Mr. Brown, have any threats or promises been made to you to induce you to plead guilty?

"THE DEFENDANT: No.

"THE COURT: Do you have any understanding or has anybody predicted to you what your sentence will be in this case?

"THE DEFENDANT: No.

"THE COURT: Do you understand that the Court will determine what your sentence will be and that the Court will not be bound by any agreement between your attorney and the County Attorney as to the sentence?

"THE DEFENDANT: Yes, sir."

There can be no logical argument but that the State by making reference in the information to sections 711.1 and 711.2, The Code, notified the court and the accused defendant was being charged with the crime of robbery with aggravation. Section 773.4, The Code. See also *State v. Berenger*, 161 N.W.2d 798, 800–801 (Iowa 1968); *State v. McConnell*, 178 N.W.2d 386, 388 (Iowa 1970).

The record at both the plea and sentencing stages, set out earlier, does not furnish any basis for a contention defendant tendered a guilty plea to robbery as an offense included in the crime charged in the information. In fact, the county attorney was specific in announcing to the court both at the plea and sentencing stages defendant was charged with the crime of robbery as defined in sections 711.1 and 711.2. At no time did the county attorney indicate in any manner that the State would consent to a plea of guilty to a lesser included offense of that charged. See *United States v. Gray*, 448 F.2d 164, 168 (9 Cir. 1971), cert. den., 405 U.S. 926, 92 S.Ct. 974, 30 L.Ed.2d 798. In its sentence and judgment which is a part of the clerk's transcript forwarded to this court the trial court made specific reference to sections 711.1 and 711.2.

Defendant in seeking reversal contends the trial court erred: (1) in accepting a plea of guilty because it failed to determine of record the plea was entered with an understanding of the nature of the charge; (2) in accepting a plea of guilty because it failed to determine of record the plea was entered with an understanding of the direct consequences of the plea; and (3) in accepting a plea of guilty because it failed to determine of record the plea had a factual basis.

Bearing in mind the principles of law heretofore recognized in this opinion we turn to a consideration of the issues presented.

I. Defendant asserts his plea of guilty was entered without an understanding by him of the nature of the charge against him and it was, therefore, error for the court to accept his plea. He contends he was attempting to plead guilty to the charge of robbery with aggravation but the court believed he was pleading guilty to robbery without aggravation. He urges this confusion resulted in the court's erroneous acceptance of his plea.

 In our determination of a defendant's understanding of the nature of the charges against him, we are guided by well-established principles. As we stated in *Brainard v. State*, 222 N.W.2d 711, 714 (Iowa 1974):

" * * * [T]he determination of defendant's understanding of the charge, has two aspects. The judge must explain the charge to the defendant, and he must inquire into defendant's understanding of it.

" * * * In *Michels v. Brewer* [211 N.W.2d 293 (Iowa 1973)] we said the extent of the trial judge's explanation and inquiry

into the defendant's understanding necessarily varies with the circumstances in each case. These circumstances include the complexity of the charge, the accused's education and experience, and other factors involved in the particular case."

▆▆ Also pertinent here are the following remarks in *State v. Buhr*, 243 N.W.2d at 550:

" * * * We will not reverse a judgment based on a guilty plea where the court did not specifically explain each element of the crime if under the circumstances it is apparent the accused understood the charge. * * * [citing authority]. We said in *Brainard*, however, that the judge's inquiry into the defendant's understanding must be sufficient to show responses by the defendant demonstrating his understanding of the law in relation to the facts. We also said, 'The defendant's understanding can best be determined by an inquiry in which the judge relates the elements of the charge to basic acts required to constitute the offense.' 222 N.W.2d at 714."

In *State v. Wall*, 239 N.W.2d 548, 549 (Iowa 1976), this court dealt with the trial court's determination of defendant's understanding of the charge and held that the inquiry there was insufficient to satisfy the constitutional requirement that the sentencing court must personally address the defendant to determine whether he understands the charge made against him as mandated in *State v. Sisco*, 169 N.W.2d 542, 548 (Iowa 1969) and *Brainard v. State*, 222 N.W.2d at 714–715.

Wall was charged by a county attorney's information with false uttering of a check in violation of section 713.3, The Code. Minutes of testimony attached indicated defendant presented to a Dubuque department store a check drawn on a Wisconsin bank. When the payee deposited the check it was returned with a notation from the bank defendant's account was closed. In reversing and remanding with directions to set aside the conviction and sentence and to permit defendant to plead anew this court said a vital element of the crime defined in section 713.3 was that defendant knowingly did not have any arrangement, understanding, or funds with the bank upon which the check was drawn sufficient to make or pay the same. This element was omitted from the information and was not mentioned by the trial judge when he attempted to inform defendant concerning the elements of the crime.

In *Hoskins v. State*, 246 N.W.2d 266 (Iowa 1976), this court dealt again with the contention the sentencing court had failed to develop a record which demonstrated defendant's understanding of the charge as required by *Sisco* and *Brainard*. This was a postconviction proceeding in which the petitioner challenged his guilty plea conviction of false drawing and uttering a bad check in violation of section 713.3, The Code. In reversing and remanding the case this court adhered to its position that the sentencing judge must explain the charge to the defendant and he must inquire into the defendant's understanding of it. It was determined in the cited case that the record failed to disclose whether petitioner understood the law in relation to the facts.

▆▆ The limited colloquy between the court and defendant regarding defendant's understanding of the charge made against him has been set out earlier. Defendant's understanding of the charge is not apparent from this record. *State v. Wall*, 239 N.W.2d at 550. In our view the judge's inquiry was not sufficient to show responses by defendant demonstrating his understanding of the law in relation to the facts. *Brainard v. State*, 222 N.W.2d at 714. We refer to some of the factors which in our opinion support the foregoing conclusion.

Defendant, 30 years of age, dropped out of high school after completing the tenth grade. He had no prior felony conviction. The report of the presentence investigation discloses that in 1969 defendant had been charged with disturbing the peace and quiet. He was convicted upon his plea of guilty and was sentenced to 30 days in the county jail. Defendant told the probation officer that in 1974 he had spent ten days in the Polk County jail. However, there were no records which indicated this.

Although the county attorney's information was read to defendant at arraignment, at no point in the record does it appear the statutes dealing with robbery with aggravation and with robbery were ever read to or called to defendant's attention. There is no indication defendant had any familiarity with or knowledge of the meaning of the word "aggravation" or as to what constituted the crime of either robbery with aggravation or robbery. The information with minutes of testimony attached was not sufficient to inform defendant of the elements of the charge made against him.

The trial court neither at the plea nor sentencing stages directly or indirectly referred to the elements of the charge of robbery with aggravation or even to the elements of robbery as defined in section 711.3. There is no showing in the record the court made any inquiry of defendant or his counsel as to whether the elements of the crime charged had been explained to him. The only question directed to the defendant in this respect was whether he was satisfied with the services of his attorney. This drew an affirmative response.

The fact defendant was represented by counsel did not obviate the trial court's duty to establish defendant's understanding of the charge of robbery with aggravation before accepting his plea. *State v. Buhr*, 243 N.W.2d at 550, and authorities cited.

In our opinion under the circumstances shown in this record, including the confusion which was not limited to the assistant county attorney as to which crime defendant was pleading guilty to, further explanation by the trial judge was necessary.

The record here does not tend to establish defendant's understanding of either a charge of robbery with aggravation or a charge of robbery.

The State argues the fact defendant was convicted of a crime lesser in penalty than that to which he plead guilty renders error, if any, harmless beyond a reasonable doubt. There is no merit in this contention. The State's reliance on *State v. Ceaser*, 245 N.W.2d 510 (Iowa 1976), is misplaced.

II. It is obvious from the record before us the trial court did not establish there was a factual basis for defendant's plea of guilty to either robbery with aggravation or robbery as defined in section 711.3. Because such a record was necessary, it was error for the court to accept defendant's tendered plea without such a record. *State v. Sisco*, 169 N.W.2d at 548; *Brainard v. State*, 222 N.W.2d at 723; *Ryan v. Iowa State Penitentiary, Ft. Madison*, 218 N.W.2d 616, 620 (Iowa 1974).

In view of our determination in division I hereof the case is—Reversed and remanded with directions to set aside the conviction and sentence and to permit defendant to plead anew.