# IN THE COURT OF APPEALS OF IOWA

No. 14-0460
Filed December 10, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PIERRE TOBIAS BAUGH,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Russell G. Keast (plea) and Casey D. Jones (sentencing), District Associate Judges.


        A defendant appeals asserting counsel was ineffective in failing to file a motion in arrest of judgment challenging his guilty pleas. **AFFIRMED.**


        Ann Kinney Long of Ann Long Law Firm, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Brian Claney, Assistant County Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Pierre Baugh appeals following his guilty pleas to two counts of driving while barred as a habitual offender and one count of operating a motor vehicle while intoxicated (OWI), first offense, in violation of Iowa Code sections 321.561 and 321J.2 (2013). Baugh asserts his guilty pleas were accepted by the court without the court finding a factual basis for the crimes and without the court informing him of each element of the crimes to which he pled guilty. He claims counsel was ineffective in failing to file a motion in arrest of judgment challenging his guilty pleas on these grounds. We affirm Baugh's convictions.

**I. Background Facts and Proceedings.**

Baugh was charged in case AGCR104072 with OWI and driving while barred for events arising on June 16, 2013. Baugh was subsequently charged in case AGCR105631 with driving while barred for events arising on October 6, 2013. A plea agreement was reached with the State whereby Baugh would plead guilty to the three offenses and receive concurrent sentences of one year in jail, with work release up to seventy hours per week, and the applicable fines and surcharges. Baugh filed written guilty plea forms in both cases which stated the charged offenses as abbreviations: "DWB" and "OWI." Among other acknowledgments, the guilty plea forms stated Baugh admitted the State "can prove all of the elements of this offense so that there remains no reasonable doubt and that there is a basis in reality which establishes my guilt." In each case, Baugh also filed a form entitled "Consent to Waive Presence, Immigration Notice, Attorney Fee Notice," which provided among other statements that Baugh

consented to the court accepting his plea of guilty without a formal record being made by a court reporter, that the trial information and minutes of testimony "are substantially correct and also admit there is a factual basis for the charge(s)," and that Baugh gave up his right to challenge or appeal any irregularities or errors in the taking of his guilty plea that must be raised by filing a motion in arrest of judgment. These forms were also signed by Baugh's attorney asserting among other things that the written guilty plea is knowingly and voluntarily and intelligently made by Baugh and that there is a factual basis for the charges for which the guilty pleas were entered.

The court entered an "Order Accepting Plea and Setting Sentencing" in each case, though the content of the orders is substantially different. Both orders stated that Baugh and his attorney were present for the hearing, but the order in AGCR105631 states the written guilty plea shows Baugh's plea is "voluntary, being freely and intelligently made, with an understanding of the charge, with knowledge of the penal consequences of the plea, with full knowledge of the defendant's constitutional rights . . . and the Court finds there is a factual basis for the defendant's plea of guilty." The order also said the court "accepts" Baugh's plea. The order in AGCR104072 simply stated Baugh entered guilty pleas to both charges, ordered Baugh to obtain a substance abuse evaluation, and set the matter for sentencing. It contains none of the verbiage quoted above from the AGCR105631 order.

Baugh was sentenced in conformity with the plea agreement, and he now appeals, claiming the court erred in failing to find a factual basis for his guilty

pleas and failing to inquire whether he was informed of each element of the crimes to which he was pleading guilty. He claims counsel was ineffective in not filing a motion in arrest of judgment challenging his guilty pleas on these grounds.

## II. Guilty Pleas.

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008). No motion in arrest of judgment was filed in this case, though this failure does not bar Baugh's claims if the failure to file the motion resulted from ineffective assistance of counsel. *See id.* To prove counsel provided ineffective assistance, Baugh must show counsel failed to perform an essential duty and he suffered prejudice as a result. *See id.* at 219. To prove prejudice in a guilty plea case, a defendant must show but for counsel's errors he would not have pled guilty and would have insisted on going to trial. *Id.* Our review of ineffective-assistance claims is de novo because the claims implicate the defendant's Sixth Amendment right to counsel. *See State v. Lyman*, 776 N.W.2d 865, 877 (Iowa 2010).

**A. Factual Basis.** Baugh first claims his attorney was ineffective for failing to challenge the district court's failure to find a factual basis for the crimes charged. He claims there is nothing in the record to show he understood the connection between the offense and what he is alleged to have done. Baugh misunderstands a factual-basis challenge. The supreme court explained in *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013), that the relevant inquiry when a

defendant claims there is no factual basis to support the guilty plea is not an examination of the defendant's subjective state of mind but is instead an examination of the entire record to determine whether objectively a factual basis exists. "The failure of the district court . . . to explain on the record the evidence supporting his finding of a factual basis is thus an omission unrelated to the substantive claim being made." *Finney*, 834 N.W.2d at 62.

When we examine the entire record including the minutes of testimony, we have no difficulty concluding a factual basis does exist for all three of Baugh's guilty pleas. The minutes of testimony in AGCR104072 provide that on June 16, 2013, police stopped Baugh after observing a bag of garbage fall off Baugh's car and scatter on the highway. They noted signs of intoxication and had him perform field sobriety tests. Baugh admitted to consuming "a couple of beers," and a breath sample taken after implied consent was invoked showed a .192 BAC. The minutes also stated that Baugh's driver's license had been barred. The minutes of testimony for AGCR105631 state police observed Baugh driving on October 6, 2013, and that his license had been barred on May 12, 2011, for a period of four years. This establishes a factual basis to support both charges of driving while barred and the OWI charge. *Id.* ("Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge."). Thus, we find counsel did not provide ineffective assistance by not filing a motion in arrest of judgment challenging the guilty pleas on this ground.

**B. Nature of the Charges.** Next, Baugh claims the court failed to advise him of the elements of the offenses to which he was pleading guilty. He points out the written guilty pleas only contain abbreviations of the crimes (i.e., "DWB" and "OWI") and there is no record of any in-court colloquy regarding the elements of the crime.[1]

"Lack of explanation of the elements of an offense is not reversible error if, under all the circumstances, it is apparent the accused understood the charge. *State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981). Our supreme court has held that in some instances the name given to a crime is "sufficiently descriptive of its nature to obviate further explanation." *Brainard v. State*, 222 N.W.2d 711, 714 (Iowa 1974). While it is a better practice for the court or the written guilty plea to explain the elements of the charge, the failure to do so does not automatically invalidate the plea. *Id.* Instead, we look to the entire record including the complexity of the charge and other circumstances surrounding the plea. *Id.*

The supreme court has found the charge of OWI to be sufficiently descriptive to satisfy the requirement the defendant understand the nature of the charge found in Iowa Rule of Criminal Procedure 2.8(2)(b)(1). *State v. Worley*,

---

[1] We note Baugh waived the requirement of a formal record of the plea proceedings, though the court's order indicates he was present in court with his attorney when his guilty pleas were accepted. When a transcript of a proceeding is unavailable, our rules of appellate procedure provide a way for a record to be created for the purposes of appeal. *See* Iowa R. App. P. 6.806. No such statement was prepared and submitted with this appeal. We thus have no record of what transpired between the district court and Baugh to know whether or not he was advised of the elements of the crimes to which he pled guilty. Failing to provide us a record on appeal normally results in a waiver of the claim asserted. *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995) ("It is a defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon. We conclude that, by voluntarily failing to provide such a record, Mudra has waived error on his claim."). However, because the claim fails on other grounds, we chose to address the claim in spite of the lack of a record of the plea proceeding.

297 N.W.2d 368, 371 (Iowa 1980). We likewise find in this case that the name of the charge of driving while barred is also sufficiently descriptive. It is not a complex crime with multiple elements, and the record indicates Baugh had been convicted of driving while barred on twelve prior occasions, indicating a familiarity with the crime and its elements. *See Hoskins v. State*, 246 N.W.2d 266, 268 (Iowa 1976) (considering factors such as the complexity of the charge and the education and experience of the defendant when determining if the court substantially complied with the requirement the defendant understand the nature of the charge against him when pleading guilty).

Because we find a factual basis supports the conviction and Baugh understood the nature of the charges against him when he entered his written guilty pleas, counsel was not ineffective for failing to file a motion in arrest of judgment challenging the guilty pleas on these grounds. We therefore affirm Baugh's convictions and sentences.

**AFFIRMED.**